IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF LIVONIA EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> THE BOEING COMPANY, W. JAMES McNERNEY, JR. and SCOTT E. CARSON, <br><br> Defendants. | Case No. 1:09-cv-07143 <br><br> Judge Suzanne B. Conlon <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
AMENDED CLASS ACTION COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

The Boeing Company, W. James McNerney, Jr., and Scott E. Carson ("Defendants") respectfully move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss with prejudice Plaintiff's Amended Class Action Complaint ("Amended Complaint"). In support of the motion, Defendants incorporate and rely upon the accompanying Memorandum of Law, and further state:

1. Plaintiff's Amended Complaint purports to assert claims on behalf of persons who purchased the publicly traded securities of The Boeing Company between May 4, 2009 and June 22, 2009. Count One alleges that Defendants made misrepresentations and omissions of material fact in violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. Count Two asserts a claim under Section 20(a) of the Securities Exchange Act of 1934, which imposes joint liability on any person who "controls" another person liable under the Act.

2. Plaintiff's claims fail under the demanding requirements of the Private Securities Litigation Reform Act ("PSLRA") and settled Supreme Court and Seventh Circuit precedent.

3. Under settled Seventh Circuit law, Plaintiff lacks standing to bring claims based on statements made after June 5, 2009, because it did not purchase Boeing stock after that date. Accordingly, the Court need not consider any such statements.

4. Plaintiff's Section 10(b) claim also should be dismissed for the independent reason that Plaintiff fails to plead its claim in accordance with the requirements of the PSLRA and applicable precedent. Plaintiff's allegations of fraud are based on investigation of counsel and are equivalent to allegations made on information and belief. The PSLRA thus requires Plaintiff to "state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). The Amended Complaint fails to do so. The Amended Complaint also relies on "forward-looking statements" and "puffery," neither of which are actionable under the PSLRA and Seventh Circuit precedent. Because Plaintiff relies upon non-actionable forward looking statements and puffery and fails to plead its allegations of fraud with particularity, Plaintiff's Section 10(b) claims should be dismissed.

5. Plaintiff's Section 10(b) claim should also be dismissed for the independent reason that Plaintiff has failed to allege with particularity facts sufficient to support, as the PSLRA requires, a "strong inference" that any of the Defendants made any alleged false or misleading statement or omission with scienter (intent to defraud).

6. Finally, Plaintiff's claim for "control person" liability against each Defendant under Section 20(a) of the Securities Exchange Act should be dismissed because these claims are derivative of the Section 10(b) claims and, as set forth above, Plaintiff has not stated a claim for primary liability under Section 10(b).

WHEREFORE, Defendants respectfully request that the Court dismiss the Amended Complaint in its entirety, with prejudice.

Dated: March 25, 2010                             Respectfully submitted,


/s/ Mark Filip
Mark Filip
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Tel. (312) 862-2000
Fax (312) 862-2200
mark.filip@kirkland.com

John A. Eisenberg
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Tel. (202) 879-5000
Fax (202) 879-5200
john.eisenberg@kirkland.com

*Attorneys for Defendants The Boeing Company,
W. James McNerney, Jr. and Scott E. Carson*

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2010, I caused a true and complete copy of **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)** to be served on counsel of record by ECF with courtesy copy via e-mail, and additional counsel noted below via overnight mail with courtesy copy via e-mail:

| | |
|---|---|
| Lori A. Fanning<br>MILLER LAW LLC<br>115 S. LaSalle Street<br>Suite 2910<br>Chicago, Illinois 60603<br>Tel. (312) 332.3400<br>Fax. (312) 676-2676<br>lfanning@millerlawllc.com | Thomas E. Egler<br>COUGHLIN STOIA GELLER<br>RUDMAN & ROBBINS LLP<br>655 West Broadway<br>Suite 1900<br>San Diego, California 92101-3301<br>Tel. (619) 231-1058<br>Fax. (619) 231-7423<br>tome@csgrr.com |
| Deborah R. Gross<br>Robert P. Frutkin<br>LAW OFFICES OF BERNARD M. GROSS, P.C.<br>Wanamaker Building<br>Suite 450<br>100 Penn Square East<br>Philadelphia, Pennsylvania 19107<br>Tel. (215) 561-3600<br>Fax. (215) 561-3000<br>debbie@bernardmgross.com<br>rpf@bernardmgross.com | Samuel H. Rudman<br>David A. Rosenfeld<br>COUGHLIN STOIA GELLER<br>RUDMAN & ROBBINS LLP<br>58 South Service Road<br>Suite 200<br>Melville, New York 11747<br>Tel. (631) 367-7100<br>Fax. (631) 367-1173<br>SRudman@csgrr.com<br>DRosenfeld@csgrr.com |
| **VIA OVERNIGHT MAIL**<br><br>Michael J. Vanoverbeke<br>Thomas C. Michaud<br>VANOVERBEKE MICHAUD & TIMMONY, P.C.<br>79 Alfred Street<br>Detroit, Michigan 48201<br>Tel. (313) 578-1200<br>Fax. (313) 578-1201<br>mvanoverbeke@vmtlaw.com<br>tmichaud@vmtlaw.com | Marvin A. Miller<br>MILLER LAW LLC<br>115 S. LaSalle Street<br>Chicago, Illinois 60603<br>Tel. (312) 332-3400<br>Fax. (312) 676-2676<br>Mmiller@millerlawllc.com |

/s/ Mark Filip
―――――――――――――――
Mark Filip