IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF LIVONIA EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:09-cv-07143 |
| Plaintiff, | Judge Suzanne B. Conlon |
| v. | |
| THE BOEING COMPANY, W. JAMES McNERNEY, JR. and SCOTT E. CARSON, | |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S "MOTION TO CONVERT DEFENDANTS' MOTION TO DISMISS TO SUMMARY JUDGMENT AND FOR LIMITED DISCOVERY AND FOR LEAVE TO AMEND THE OPERATIVE PLEADING"**

Mark Filip
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Tel. (312) 862-2000
Fax (312) 862-2200
mark.filip@kirkland.com

Craig S. Primis, P.C.
John A. Eisenberg
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Tel. (202) 879-5000
Fax (202) 879-5200
craig.primis@kirkland.com
john.eisenberg@kirkland.com

*Attorneys for Defendants The Boeing Company, W. James McNerney, Jr. and Scott E. Carson*

May 24, 2010

Plaintiff's Motion to Convert and its dual requests for discovery and to amend are tantamount to a concession that the Amended Complaint is insufficient as a matter of law and must be dismissed. Having now seen Boeing's fully briefed motion to dismiss, Plaintiff has apparently concluded that its only hope of avoiding a justified dismissal is to embark on this last-ditch attempt to reshuffle the deck and get a new hand. Plaintiff's desperate gambit should not be countenanced by this Court.

Plaintiff has had eight months to investigate its case, and ample time to amend its complaint. Yet, it has waited to see how the briefing on the motion to dismiss would turn out before making these requests. Without citing a single PSLRA case in support of its motion, Plaintiff asks the Court to allow it to fish around Boeing's files in the hopes of avoiding a dismissal with prejudice that is warranted under settled law. To permit Plaintiff's ploy to succeed would be patently unfair and contrary to the stated purpose of the PSLRA. That statute was passed precisely to bar discovery until securities plaintiffs allege facts strongly suggesting fraud. Under the PSLRA, plaintiffs simply are not permitted discovery in hopes of shoring up inadequate allegations. To grant Plaintiff discovery as a means of avoiding a decision on Boeing's motion to dismiss flies in the face of that statute.

Nor can Plaintiff justify its belated request to amend. Plaintiff has already amended once, opting to rely almost entirely on a single, vaguely-described confidential source with no supporting allegations, in violation of Supreme Court and Seventh Circuit precedent. Moreover, the rules on standing are — and have been — crystal clear. Plaintiff is not entitled to repeated, successive bites at the apple, in an ongoing, futile attempt to craft a complaint that will withstand a motion to dismiss. *See Pugh v. Tribune Co.*, 521 F.3d 686, 698 (7th Cir. 2008). Requiring Boeing to expend the time and resources to respond to Plaintiff's repeated amendments does

prejudice Boeing, and it also wastes the time and resources of this Court. Plaintiff has shown no justification for its delay, and its self-serving claim that "justice" requires this Court to grant leave to amend is unfounded. In any event, as shown below, the proffered Second Amended Complaint fails to cure the fatal deficiencies in Plaintiff's case that have existed as a matter of law since this litigation commenced. In sum, Plaintiff's motion should be denied, and Boeing respectfully requests that the Court dismiss with prejudice the Amended Complaint already pending before this Court.

I. **The Court Should Rule Upon The Motion To Dismiss And Reject Plaintiff's Request For Discovery.**

Plaintiff's request to convert Boeing's motion to dismiss into a motion for summary judgment should be rejected for what it is: an impermissible attempt to circumvent the PSLRA's bar on discovery pending a motion to dismiss. Plaintiff's contention that Boeing has impermissibly infused its reply brief with factual assertions is incorrect; Boeing has done no such thing. Supreme Court and Seventh Circuit precedent applying the PSLRA on motions to dismiss make clear that a moving defendant is not only entitled, but is expected, to argue competing inferences based on the allegations set forth in a securities complaint. That is the only way to test whether a plaintiff has met its burden. Boeing has done nothing more. Allowing Plaintiff's arguments to serve as a basis for taking discovery at this point would undermine the PSLRA's ban on discovery and, if applied generally, would have the effect of converting most motions to dismiss in securities cases into Rule 56 motions, precisely the opposite of what the PSLRA is intended to do.

The Seventh Circuit has specifically advised that Congress enacted the PSLRA to *prevent* "weak complaints [from] put[ting] a defendant to the expense of discovery." *Makor Issues & Rights, Ltd. v. Tellabs Inc.*, 513 F.3d 702, 706 (7th Cir. 2008). Congress achieved this goal by

2

mandating that, absent extraordinary circumstances not present here, "*all discovery* and other proceedings *shall be stayed* during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B) (2010) (emphases added). To be entitled to discovery, plaintiffs must meet *all* of the PSLRA's strict pleading requirements and must survive a motion to dismiss. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 320-21 (2007). Plaintiff's request to take discovery *pending* its motion to dismiss flies in the face of the statute and reflects Plaintiff's desperate view that only an impermissible fishing expedition can possibly save its case.

In all events, Plaintiff wrongly asserts that Boeing has injected fact disputes into the motion to dismiss briefing. The Supreme Court's decision in *Tellabs* expressly contemplates that a defendant can prevail on a motion to dismiss by showing that the alleged facts suggest a more plausible, non-culpable inference. *See* 551 U.S. at 313. Consistent with *Tellabs*, Boeing argued (i) that Plaintiff's inferences are illogical and unsupported by the facts alleged, and (ii) that far more plausible non-culpable inferences may be drawn from those facts. Specifically, Boeing explained that the facts actually set forth in the Amended Complaint — and basic common sense — contradict Plaintiff's assertion that a "full analysis" of wing test results is *always* available 10 days after *every* test. Boeing did not "assert as fact" that the test results were not reported to senior executives within 10 days (Mot. at 2); Boeing merely argued (as it is entitled to do on a motion to dismiss) that Plaintiff's allegation of an invariable 10-day turnaround was conclusory, illogical, and unsupported by Plaintiff's own factual allegations.

Similarly, Plaintiff is wrong to say that defendants are adding new facts in an attempt to say what "they really meant" when they made certain statements challenged in the Amended Complaint. (Mot. at 4-5.) Contrary to Plaintiff's suggestion, the statement that all structural tests required prior to first flight were complete and the assertion that the May 17, 2009 test "was

3

not" a re-test were not the reporting of new facts. Rather, they were made solely in connection with showing that there are more plausible opposing inferences to the ones Plaintiff alleged, relying on the factual allegations in the Amended Complaint and common sense.

Likewise, Plaintiff bristles at Boeing's citation of FAA regulations that outline the process by which a new aircraft becomes certified. (Mot. at 3.) These published federal regulations demonstrate that Plaintiff's allegations concerning the purpose and timing of Boeing's testing described in the Amended Complaint are highly implausible, and this Court is entitled to take judicial notice of them as a matter of law. *See Tellabs*, 551 U.S. at 322. In any event, there is no fact dispute, because the public statement Plaintiff challenges is that the tests "required prior to first flight are complete." The announcement, on its face, did not suggest that wing tests required for *delivery* were complete; those tests would continue, as the FAA regulations make clear and other parts of the Amended Complaint even acknowledge, *see* AC ¶¶ 7, 50. If Plaintiff were correct that merely pointing out these more plausible, non-culpable inferences raises a fact issue, then after *Tellabs* every PSLRA motion to dismiss in which a defendant disputes scienter would risk being converted into a summary judgment motion with the associated discovery. That is not the law, and Plaintiff has not cited a single case in the PSLRA setting to suggest otherwise. Plaintiff should not be allowed to use the protections *from* discovery ensured by the PSLRA to argue that they justify the very abusive premature discovery the PSLRA was enacted to prevent. Under the PSLRA, weak securities fraud cases such as this one "shall" be dismissed, not pushed forward to initiate expensive discovery requests in the hopes of triggering future settlements.

Finally, and independently, if the Court were to find that any of the statements about which Plaintiff complains amounts to an assertion of fact, the Court may simply ignore any such

specific statement for purposes of ruling on the motion to dismiss. *See Rabin v. JP Morgan Chase Bank, N.A.*, 2007 WL 2295795, at *1 n.2 (N.D. Ill. Aug. 3, 2007); *Kalin v. Xanboo, Inc.*, 2009 WL 928279, at *8 (S.D.N.Y. Mar. 30, 2009). Boeing submits that the Court could ignore any of the statements about which Plaintiff complains, and it would not affect the ultimate conclusion that this case should be dismissed with prejudice.

**II.    The Court Should Rule On The Motion To Dismiss And Deny Plaintiff's Belated Motion For Leave To Amend.**

Plaintiff asks this Court for leave to amend the already Amended Complaint because Boeing's motion to dismiss identified fatal flaws in that Complaint; Plaintiff's motion implicitly concedes as much. But Plaintiff's request comes too late. Plaintiff easily could have included the proposed new allegations in the Amended Complaint currently under review. It also could have asked the Court to amend after it saw Boeing's motion to dismiss. But Plaintiff instead gambled, waiting to see how the full briefing turned out. Now that it does not like what it has seen, Plaintiff wants to shuffle the cards and deal a new hand before the old one has played out. That is not how the rules of pleading and procedure work. As the Seventh Circuit has explained, a late attempt "to amend one's complaint when it appears that the current one is a sure loser is not unusual," *Hindo v. Univ. of Health Sciences/Univ. Chi. Med. Sch.*, 65 F.3d 608, 615 (7th Cir. 1995), but neither "is the denial of leave to file that amended complaint," *id.* Likewise, Plaintiff's request to amend here should be denied.

Although Plaintiff says otherwise, it is clear that Plaintiff "has unduly delayed in filing th[is] motion." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002). The proposed amendments are intended to address two of the patent deficiencies in the Amended Complaint, which Boeing identified in its motion to dismiss: the lack of any factual basis underlying Plaintiff's so-called confidential source allegations and the named Plaintiff's lack of

standing even to assert claims covering a substantial portion of the putative class period. In light of the Seventh Circuit's well-established decisions in *Higginbotham v. Baxter Int'l Inc.*, 495 F.3d 753 (7th Cir. 2007) (addressing confidential source allegations), and *Roots P'ship v. Lands' End, Inc.*, 965 F.2d 1411 (7th Cir. 1992) (addressing standing), those shortcomings were apparent on the day Plaintiff filed the initial complaint. Because Plaintiff offers no explanation for its delay in adding these allegations, the Court should deny the motion. *See Campania Mgmt.*, 290 F.3d at 849 (affirming district court's refusal to allow defendant to amend answer where defendant could not explain reason for delay); *Hindo*, 65 F.3d at 615.

Leave to amend is also inappropriate here for the independent reason that Plaintiff's proposed changes cannot cure the deficiencies of the Amended Complaint, and the proposed amendments would thus be "futile." *Campania Mgmt.*, 290 F.3d at 849. Plaintiff's proposed Second Amended Complaint tries to save its deficient securities fraud claim by citing the purported knowledge of a single, uncorroborated confidential source; it offers nothing more. But Seventh Circuit law firmly establishes that such confidential source allegations "must be steeply discounted," *Tellabs*, 513 F.3d at 711; *Higginbotham*, 495 F.3d at 756-57, and that a complaint cannot succeed where "[t]here [i]s no basis other than the confidential sources" for a plaintiff's allegations of scienter, *Tellabs*, 513 F.3d at 712. In marked contrast to the 26 sources in *Tellabs*, who had information "corroborated by multiple sources," *id.*, Plaintiff's confidential source is *one* alleged "former" employee, *see* proposed Second Amended Complaint ¶ 139, whose purported story is uncorroborated by any other sources. As the Court noted in *Higginbotham*, that source, if it exists, may well have an "axe[] to grind. Perhaps [he is] lying. Perhaps [he doesn't] even exist." 495 F.3d at 757. But Plaintiff has offered nothing that would enable this Court to accord its alleged source any weight. Plaintiff's proposed Second Amended Complaint

is therefore indistinguishable in any legally meaningful way from the Amended Complaint already before the Court, and manifestly insufficient under governing law. *See id.* at 756-57 (affirming dismissal of complaint with five confidential witnesses, including three ex-employees and two consultants). Nor does Plaintiff's attempt to add a new representative plaintiff rescue the Amended Complaint. As Boeing has explained, none of the statements during the class period give rise to 10b-5 liability. (Mem. 16 n.3.) For all of these reasons, this Court has ample discretion to rule upon the motion to dismiss and deny leave to amend.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion should be denied, and the Amended Complaint (and this case) should be dismissed with prejudice.[1]

Dated: May 24, 2010								Respectfully submitted,

/s/ Mark Filip
Mark Filip
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Tel. (312) 862-2000
Fax (312) 862-2200
mark.filip@kirkland.com

---

[1] Should the Court be inclined to permit leave to amend, defendants respectfully request that they be given a full and fair opportunity to move to dismiss the Second Amended Complaint. Any other result would reward Plaintiff for flouting the rules and would deprive Boeing of its right to seek dismissal of the putative Second Amended Complaint.

7

                        Craig S. Primis, P.C.
John A. Eisenberg
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Tel. (202) 879-5000
Fax (202) 879-5200
craig.primis@kirkland.com
john.eisenberg@kirkland.com

*Attorneys for Defendants The Boeing Company, W. James McNerney, Jr. and Scott E. Carson*

## CERTIFICATE OF SERVICE

I, Mark Filip, hereby certify that on May 24, 2010, a true and correct copy of the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONVERT DEFENDANTS' MOTION TO DISMISS TO SUMMARY JUDGMENT AND FOR LIMITED DISCOVERY AND FOR LEAVE TO AMEND THE OPERATIVE PLEADING** was filed electronically with the Northern District of Illinois - Eastern Division. Notice of this filing has been sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system. A courtesy copy has also been sent via e-mail to the following counsel of record:

| | |
|---|---|
| Lori A. Fanning<br>Marvin A. Miller<br>MILLER LAW LLC<br>115 S. LaSalle Street<br>Suite 2910<br>Chicago, Illinois 60603<br>Tel. (312) 332.3400<br>Fax. (312) 676-2676<br>lfanning@millerlawllc.com<br>mmiller@millerlawllc.com | Thomas E. Egler<br>Shannon M. Matera<br>Trig R. Smith<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>655 West Broadway<br>Suite 1900<br>San Diego, California 92101-3301<br>Tel. (619) 231-1058<br>Fax. (619) 231-7423<br>tome@rgrdlaw.com<br>smatera@rgrdlaw.com<br>trigs@rgrdlaw.com |
| Deborah R. Gross<br>Robert P. Frutkin<br>LAW OFFICES OF BERNARD M. GROSS, P.C.<br>Wanamaker Building<br>Suite 450<br>100 Penn Square East<br>Philadelphia, Pennsylvania 19107<br>Tel. (215) 561-3600<br>Fax. (215) 561-3000<br>debbie@bernardmgross.com<br>rpf@bernardmgross.com | Randi D. Bandman<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>52 Duane Street<br>7th Floor<br>New York, New York 10007<br>randib@rgrlaw.com |

/s/ Mark Filip
Mark Filip