UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| CITY OF LIVONIA EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE BOEING COMPANY, et al.,<br><br>Defendants. | No. 1:09-cv-07143<br><br>CLASS ACTION<br><br>Judge Suzanne B. Conlon |

REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO CONVERT DEFENDANTS' MOTION TO DISMISS TO SUMMARY JUDGMENT AND FOR LIMITED DISCOVERY AND FOR LEAVE TO AMEND THE OPERATIVE PLEADING

524483_1

**I.     Introduction**

Stripped of its rhetoric, defendants' opposition to plaintiff's motion effectively concedes that: (a) if the Court considers the factual assertions defendants have made, plaintiff should be given the opportunity to test their veracity; and (b) leave to amend should be granted.

**II.    Defendants' Assertions of Fact Contradict the Complaint and Their Own Admissions**

The parties agree that on a motion to dismiss, defendants may ask the court to draw inferences from factual allegations in a complaint. Defendants' Opposition to Plaintiff's "Motion to Convert Defendants' Motion to Dismiss to Summary Judgment and for Limited Discovery and for Leave to Amend the Operative Pleading" (Dkt. No. 50) ("Defs.' Brf.") at 3. As noted in plaintiff's motion, however, the facts defendants ask the Court to adjudicate are not supported by the Complaint and are questions of fact that must be subject to discovery.

Defendants do not dispute that the Court must convert their Fed. R. Civ. P. 12(b)(6) motion to dismiss into a motion for summary judgment if it considers their factual arguments. But instead of acknowledging the need for limited discovery on the issues they raise, they now ask the Court to "simply ignore" any improper argument they made. Defs.' Brf. at 4-5. Before asking the Court to ignore their improper factual submissions, however, defendants try to modify them, or explain them away. But the changes make them no better.

For example, in their motion to dismiss reply, defendants ask the Court to find, contrary to the Complaint's allegations, that negative results of the failed April 21, 2009 and May 17, 2009 wing tests were neither compiled for, nor communicated to, defendants McNerney and Carson within ten days. Defendants' Reply Memorandum in Support of Their Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 44) ("Defs.' MTD Reply") at 8. They do so by simply arguing that "[n]o reasonable person would think that a 'full analysis' of test

- 1 -

results on a complex, cutting-edge aircraft structure *invariably* takes only 10 days." *Id.* (emphasis in original). The Complaint alleges that defendants did know the bad results of the tests, and details how. To the extent the Court considers defendants' proposed facts to the contrary, plaintiff should have an opportunity to examine them – especially in light of the fact that Boeing has announced 787 wing test results within ten days of completion *twice* subsequent to the Class Period ending. Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 41) ("Pltf.'s Opp. to MTD") at 10.

Defendants also admit that they made the "assertion that the May 17, 2009 test 'was not' a re-test" of the failed April test for the first time in their motion to dismiss reply brief. Defs.' Brf. at 3-4. They now seek to couch the proposed "not-a-re-test" fact in terms of "plausible opposing inferences" to the Complaint's allegations. *Id.* at 4. They do not point to any source for this fact, either in exhibits to their motion or in the Complaint. To the extent the Court considers the nature of the May 17, 2009 test in the context of the sufficiency of the Complaint, plaintiff should be allowed to test the defendants' assertions.

As to the FAA regulations (Defs.' Brf. at 4.), defendants' argument becomes increasingly muddied. As plaintiff pointed out in its motion, on June 23, 2009, Pat Shanahan, Boeing's 787 Vice President and General Manager, admitted that: "Our preliminary analysis of [the May 17, 2009 test] results indicated we could proceed with first flight." Plaintiff's Motion and Memorandum in Support to Convert Defendants' Motion to Dismiss to Summary Judgment and for Limited Discovery and for Leave to Amend the Operative Pleading (Dkt. No. 48) ("Opening Brf.") at 3. This

- 2 -

supports the inference that the May 17, 2009 test had, at the very least, some connection with First Flight.[1]

Defendants argue that various FAA regulations show that "[t]he precise testing contours from before first flight through ultimate certification, calibrated to the specific aircraft, are detailed in a Certification Plan, to which [Boeing] and the FAA [agreed] make clear that . . . testing continues well past tests performed for first flight." Defs.' MTD Reply at 9. Defendants ask the Court to examine these various regulations (including the 257-page "Type Certification" order form 8110.4C, which do not relate in any way to any specific aircraft design, much less specifically to Boeing or the 787) and infer that when Boeing announced on May 3, 2009 that the "'structural tests *required prior to first flight* are complete,'" then "[a]ll that meant was that Boeing had finished tests that it had planned to complete before first flight." Defs.' MTD Reply at 9 (emphasis in original).[2]

Defendants' assertions of fact are improperly before the Court, especially where allegations in the Complaint contradict them. Plaintiff is entitled to discovery on these issues if the Court considers them.

### III. The Very Cases Defendants Cite Recommend Leave to Amend Under These Facts

Rather than waiting for the Court to expend resources on the current Complaint, Lead Plaintiff seeks to amend, as it will quiet all of the issues defendants raised in their motion to dismiss. Recognizing that the proposed Second Amended Complaint not only meets, but exceeds, the standards they seek to place on it, defendants oppose the motion to amend. As the main case defendants cite notes, in this circuit, when a defendant's motion to dismiss "point[s] out [a]

---

[1] Defendants do not address the contradictory nature of Shanahan's June 23, 2009 statement and their current argument regarding the use of the May 17, 2009 test results.

[2] Defendants also slightly modify the argument in their motion to dismiss reply.

- 3 -

524483_1

deficiency" in an active complaint, and plaintiffs "cho[o]se not to remedy it," the Court may, in its discretion, deny leave to amend. *Pugh v. Tribune Co.*, 521 F.3d 686, 698 (7th Cir. 2008).[3] Here, although defendants construct an improper standard for pleading, Lead Plaintiff seeks leave to amend because it can meet and exceed the detail defendants seek.

As noted in plaintiff's opening brief, leave to amend should be granted. Defendants do not claim that they will be unduly prejudiced in any way by the amendment. Further, neither of the cases defendants cite (Defs.' Brf. at 5) address the facts presented here, where discovery has not yet begun, defendants have filed a motion to dismiss, and the Court has not yet ruled upon it. In *Hindo v. University of Health Sciences*, 65 F.3d 608, 615 (7th Cir. 1995), the Court of Appeals held the district court had discretion to deny an amendment adding a new claim when the motion was made more than a year after the action was filed, and after discovery had closed. In *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848 (7th Cir. 2002), the Court of Appeals upheld this Court's denial of leave to amend that "would have injected a new issue into the case on the eve of trial."

Defendants argue that the new detail (which exceeds the detail they called for in their motion to dismiss) comes too late. Defs.' Brf. at 5-6. But the Court has not even ruled on their motion to dismiss. The proposed amendment, therefore, is not unduly delayed.

Defendants also protest that the proposed amendment's allegations, which are attributed to a confidential source who actually worked testing on the 787 wing and has direct knowledge of the contents of the April and May 2009 test files, are deficient as a matter of law. Defs.' Brf. at 6 (citing to *Makor Issues & Rights, Ltd. v. Tellabs Inc.*, 513 F.3d 702 (7th Cir. 2008) and *Higginbotham v.*

---

[3]  By seeking leave to amend before the Court rules on defendants' motion to dismiss, plaintiff is following the exact procedures recommended by the Court of Appeals in the *Pugh* opinion. Yet, defendants argue that *Pugh* is the basis for denying leave to amend. Defs.' Brf. at 1.

- 4 -

*Baxter Int'l, Inc.*, 495 F.3d 753 (7th Cir. 2007)). They are wrong. Neither *Tellabs* nor *Higginbotham* establish a controlling standard regarding what facts plaintiffs must plead with respect to confidential sources. Indeed, as defendants tacitly admit, there is no binding precedent in the Seventh Circuit concerning the particularity required of allegations related to confidential sources. *See Plumbers & Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v. Allscripts-Misys Healthcare Solutions*, No. 09 C 4726, 2010 U.S. Dist LEXIS 38549, at *22-*23 n.3 (N.D. Ill. Apr. 13, 2010) ("[a]lthough there is no binding precedent on this question, the Seventh Circuit has cited approvingly to the Second Circuit's articulation" in *Novak v. Kasaks*, 216 F.3d 300, 312-14 (2d Cir. 2000)). Not surprisingly, therefore, courts in this jurisdiction often look to *Novak* for guidance on this question. *Allscripts-Misys*, 2010 U.S. Dist. LEXIS 38549, at *22-*23 n.3; *see also Selbst v. McDonald's Corp.*, No. 04 C 2422, 2005 U.S. Dist. LEXIS 23093, at *19-*20 (N.D. Ill. Sept. 21, 2005) (finding that allegations attributed to a single confidential source sufficient to survive motion to dismiss); *Davis v. SPSS, Inc.*, 385 F. Supp. 2d 697, 710 (N.D. Ill. 2005) (noting that the *Novak* standard does not require plaintiffs to identify confidential sources by name).

Defendants apparently do not dispute that the proposed amendment regarding the new representative plaintiff, the Local 295/Local 851 IBT Employer Group Welfare Fund ("IBT Fund"), resolves all of the standing issues they raised.[4] Rather, they merely argue that the Complaint, whether or not the new plaintiff is added, should be dismissed as a whole. Defs.' Brf. at 7. As noted above and elsewhere, they are wrong.

---

[4] As noted in the opening brief, while plaintiff believes that it could move to join the IBT Fund pursuant to Fed. R. Civ. P. 19(a) or IBT Fund could move to intervene pursuant to Fed. R. Civ. P. 24, Lead Plaintiff respectfully submits that amending the operative pleading pursuant to Fed. R. Civ. P. 15 would pose less of a burden on the Court and parties.

## IV. Conclusion

For the above stated reasons, the Court should grant Plaintiff's Motion to Convert Defendants' Motion to Dismiss to Summary Judgment and for Limited Discovery and grant Plaintiff's Motion for Leave to Amend the Operative Pleading.

DATED: May 26, 2010

Respectfully submitted,

PLAINTIFF

By: s/Marvin A. Miller
MARVIN A. MILLER

MILLER LAW LLC
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: 312/332-3400
312/676-2676 (fax)

Liaison Counsel

THOMAS E. EGLER
TRIG R. SMITH
SHANNON M. MATERA
ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

RANDI D. BANDMAN
ROBBINS GELLER RUDMAN
 & DOWD LLP
52 Duane Street, 7th Floor
New York, NY 10007
Telephone: 212/693-1058
212/693-7423 (fax)

Lead Counsel for Plaintiff

524483_1

DEBORAH R. GROSS
ROBERT P. FRUTKIN
LAW OFFICES OF BERNARD M.
   GROSS, P.C.
Wanamaker Bldg., Suite 450
100 Penn Square East
Philadelphia, PA 19107
Telephone: 215/561-3600
215/561-3000 (fax)

MICHAEL J. VANOVERBEKE
THOMAS C. MICHAUD
VANOVERBEKE MICHAUD &
   TIMMONY, P.C.
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

Additional Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 26, 2010.

                By:  s/Marvin A. Miller
                MARVIN A. MILLER

                MILLER LAW LLC
                115 S. LaSalle Street, Suite 2910
                Chicago, IL  60603
                Telephone:  312/332-3400
                312/676-2676 (fax)

                E-mail:   mmiller@millerlawllc.com

# Mailing Information for a Case 1:09-cv-07143

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Randi D Bandman**
  randib@rgrdlaw.com

- **Thomas E Egler**
  tome@rgrdlaw.com,stremblay@rgrdlaw.com

- **John A Eisenberg**
  john.eisenberg@kirkland.com

- **Lori Ann Fanning**
  LFanning@MillerLawLLC.com,MMiller@MillerLawLLC.com,JRamirez@millerlawllc.com

- **Mark Robert Filip**
  mark.filip@kirkland.com,john.eisenberg@kirkland.com,sandra.gentile@kirkland.com

- **Deborah R. Gross**
  debbie@bernardmgross.com

- **Shannon Mckenna Matera**
  smatera@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Marvin Alan Miller**
  Mmiller@millerlawllc.com,LFanning@millerlawllc.com,KPulido@millerlawllc.com,JRamirez@millerlawllc.com

- **Trig Randall Smith**
  trigs@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)