**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| CITY OF LIVONIA EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Case No. 1:09-cv-07143 |
| Plaintiff, | ) ) | Judge Suzanne B. Conlon |
| v. | ) ) | |
| THE BOEING COMPANY, W. JAMES McNERNEY, JR. and SCOTT E. CARSON, | ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**"MOTION FOR RELIEF FROM JUDGMENT"**

Mark Filip
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Tel.  (312) 862-2000
Fax  (312) 862-2200
mark.filip@kirkland.com

Craig S. Primis, P.C. *(pro hac pending)*
John A. Eisenberg
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005
Tel.  (202) 879-5000
Fax  (202) 879-5200
craig.primis@kirkland.com
john.eisenberg@kirkland.com

*Attorneys for Defendants The Boeing Company, W. James McNerney, Jr. and Scott E. Carson*

June 8, 2010

## INTRODUCTION

"Motions to reconsider under Rule 59(e) serve the limited function of either correcting manifest errors of law or fact or presenting newly discovered evidence." *Doe v. Dart*, 2009 WL 1138093, at *1 (N.D. Ill. Apr. 24, 2009) (Conlon, J.) (citing *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)).   Relief from judgment under Rule 60(b) is just as extraordinary and applies only in similarly "exceptional circumstances." *Whitehead v. Gateway Chevrolet, Oldsmobile*, 2004 WL 1459478, at *2 (N.D. Ill. June 29, 2004) (Conlon, J.).   Indeed, Plaintiff invokes only Rule 60(b)'s "catch all" provision, Rule 60(b)(6), Mot. at 3, under which relief is "even more highly circumscribed" and is available "only in the most extraordinary of circumstances." *Provident Savings Bank v. Popovich*, 71 F.3d 696, 700 (7th Cir. 1995) (citations and quotation marks omitted).   The Seventh Circuit has made clear that the requisite "manifest error" is a very narrow ground for relief, limited to "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).   And as this Court has recognized, "Given their limited purpose, courts rarely grant reconsideration motions." *Duffin v. Exelon Corp.*, 2007 WL 1385369, at *2 (N.D. Ill. May 4, 2007) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).   This is not one of those rare occasions.

Plaintiff cannot possibly meet the applicable standard for reconsideration here, nor does it really even try.  Plaintiff's motion does not cite a single case that requires a different outcome on any point, and it makes no claim that the Court misapplied the controlling authorities argued by the parties.  Nor could it: the controlling decisions, including *Higginbotham*, *Pugh*, *Tellabs*, and *Roots Partnership*, are well settled and clearly support both the Court's reasoning and the result. Plaintiff's motion also raises no newly discovered evidence that could not have been presented to

the Court before; in fact, Plaintiff attempted to add all of its new factual arguments in opposing the motion to dismiss that the Court granted. There is nothing new here. Plaintiff's motion does little more than "'rehash' previously denied arguments," *Duffin*, 2007 WL 1385369, at *2 (Conlon, J.), and impermissibly attempt to expand its allegations, *see Camp v. Gregory*, 67 F.3d 1286, 1290 (7th Cir. 1995). Thus, it should be denied.

In the end, Plaintiff's motion seems to be premised on the mistaken belief that the Court's denial of leave to amend its complaint constitutes manifest error. But such a decision is entirely within the Court's discretion. *See, e.g.*, *Fannon v. Guidant Corp.*, 583 F.3d 995, 997-98 (7th Cir. 2009). It cannot be manifest error to deny leave to amend a securities fraud complaint where Plaintiff has already filed two complaints and has had ample opportunity to seek leave to amend this one. Moreover, Plaintiff's motion here is futile, especially since the proposed Second Amended Complaint addresses only one of the multiple, independent grounds for dismissal identified by the Court and ignores the rest. *See infra* at 6-7 (identifying 8 issues not addressed by the proposed Second Amended Complaint). The Court "[i]s entitled to view this case as one in which the [P]laintiff[] had, as a practical matter, a number of opportunities to craft a complaint that complies with the standards of the PSLRA." *Fannon*, 583 F.3d at 1002. Simply put, this is a case where the Court has ruled, and ruled correctly; Plaintiff's reconsideration motion gives no basis to change course.

## I.      Plaintiff Identifies No Manifest Error Of Law Justifying Reconsideration As To Class Period Or Standing.

Plaintiff claims that this Court's order granting Boeing's motion to dismiss "contained errors of fact and law." Mot. at 5. That is clearly wrong, but even still, reconsideration would not be warranted unless those purported errors are "manifest." Plaintiff's own motion confirms that they are not.

Plaintiff cannot contend that the Court committed manifest error when it ruled that Plaintiff failed to state a claim based upon allegedly false statements that pre-date the class period. Mot. at 4. Plaintiff is merely re-hashing its old arguments in violation of this Court's precedents on Rule 59(e) and 60(b), as confirmed by its citation of the same authorities it cited in its opposition to the motion to dismiss. *See id.* And Plaintiff cannot credibly claim that this Court has committed a "manifest error of law" when Plaintiff also argues that "there was no binding precedent" on this question and does not even attempt to distinguish Judge Shadur's opinion in *Desai v. Gen. Growth Props., Inc.*, 654 F. Supp. 2d 836, 855 (N.D. Ill. 2009). Mot. at 3-4; *see Paine v. City of Chicago*, 2007 WL 647486, at *1 (N.D. Ill. Feb. 28, 2007) ("Since Plaintiff concedes that no controlling Seventh Circuit authority exists to support her position there has been no 'manifest error of law' committed by this Court.").

Likewise, Plaintiff has no basis to claim "manifest error" with regard to the Court's ruling, under *Roots Partnership v. Lands' End, Inc.*, 965 F.2d 1411 (7th Cir. 1992), that Plaintiff has no standing to challenge statements made after June 5, 2009. *Roots* has been the law of this Circuit for nearly twenty years, and Plaintiff does not cite a single decision suggesting that this Court's application of *Roots* was erroneous. *See* Mot. at 4. As with the class period, all Plaintiff does is rehash its old arguments, which does not provide grounds for a motion to reconsider. *See Fyrnetics (Hong Kong) Ltd. v. Quantum Group, Inc.*, 2001 WL 40900, at *2 (N.D. Ill. Jan. 11, 2001) (Conlon, J.) (denying reconsideration where the motion "consist[ed] in significant part of a list of points that plaintiffs made in their earlier arguments and that the Court considered in its ruling").

Plaintiff also appears to claim as a separate basis of error the Court's denial of leave to amend the already Amended Complaint to address these two defects. As Plaintiff concedes,

once a plaintiff uses its first amendment as of right, Rule 15(a) leaves any further amendments to the Court's sound discretion. Mot. at 5-6. How a discretionary decision to deny leave to amend could possibly amount to a "manifest error of law" is something Plaintiff does not even attempt to address, and Plaintiff does not cite a single decision of any court to support that proposition. *See id.* Nor on the facts of this case could the Court's exercise of discretion possibly be described as an abuse. Plaintiff could have sought leave to amend its complaint much earlier and certainly soon after Boeing alerted Plaintiff to these fundamental defects in its motion to dismiss.

But instead Plaintiff held back these allegations and gambled, putting Boeing to the inconvenience and expense of continuing to litigate a Complaint in which even Plaintiff had lost faith, and urging this Court to decide the motion on the basis of that Complaint. That is exactly the type of abusive litigation tactics that the Seventh Circuit criticized in *Pugh v. Tribune Co.*, 521 F.3d 686 (7th Cir. 2008), and this Court correctly relied on *Pugh* to deny Plaintiff's requests. That is not "manifest error" — it is sound docket management and entirely within the Court's discretion. *Accord, e.g., Hindo v. Univ. of Health Sciences/Univ. Chi. Med. Sch.*, 65 F.3d 608, 615 (7th Cir. 1995) (affirming district court's denial of plaintiff's request for a second amended complaint). Indeed, as this Court recently recognized, a motion to reconsider "does not provide a vehicle for a party to undo its own procedural failures." *Doe*, 2009 WL 1138093, at *1.[1]

---

[1] Plaintiff attempts to counter these conclusions by arguing that the Court lacks discretion to deny leave to amend a second time and that the Court somehow failed to provide reasons for its denials. Mot. at 5. As to the first point, in *Fannon*, 583 F.3d at 1001-02, the Seventh Circuit recently concluded that the district court did not abuse its discretion by dismissing a *first* consolidated complaint with prejudice under the PSLRA. *See also, e.g., Hindo*, 65 F.3d at 615; *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994) (holding that district court denial of leave to file second amended complaint "far from being an abuse of discretion, stood on firm legal ground"). Nor does *Foster v. DeLuca*, 545 F.3d 582 (7th Cir. 2008), help Plaintiff. *Foster* addressed a district court opinion that effectively denied the plaintiff the ability to amend *for the first time*. *See id.* at 584 ("The district court entered final judgment against [plaintiff] at the same time that it granted the motion to dismiss, so she lost her right to amend her complaint."). *Foster* merely holds, as Plaintiff itself recognizes, Mot. at 5, that Rule 15(a) allows a party to amend its pleadings "once as a matter of course," and that a trial court generally must explain its

II.     **Plaintiff Identifies No Manifest Error Warranting Reconsideration Concerning Scienter Or The Confidential Source.**

Plaintiff next complains that the Court committed error by rejecting Plaintiff's reliance on an alleged confidential source and by failing to allow Plaintiff leave to amend to attempt to shore up its confidential-source allegations.  This argument fails on multiple grounds.  As an initial matter, this Court correctly applied Seventh Circuit law on confidential sources.  Plaintiff's motion to reconsider does not even cite *Higginbotham v. Baxter Int'l, Inc.*, 495 F.3d 753 (7th Cir. 2007), let alone cite any other decision that would have compelled a different result in this case.  Instead, Plaintiff submits only that there was "no binding precedent that compelled plaintiff to plead this information."  Mot. at 3.  That argument is mistaken.  *Higginbotham* clearly controls, and this Court had ample discretion to deny leave to amend.  And, in any event, in the absence of "binding precedent," this Court's decision rejecting Plaintiff's confidential source cannot possibly be "manifest error."  *See Paine*, 2007 WL 647486, at *1.

The Court should also reject Plaintiff's apparent attempt to use this motion for relief from judgment to seek leave to add further "information" about its alleged confidential source.  As with the other grounds for which it sought leave to amend in its opposition to the motion to dismiss, Plaintiff could have brought forward these additional allegations months ago.  "A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier," *Oto*, 224 F.3d at 606, or to "expand the allegations of a dismissed complaint," *Camp*, 67 F.3d at 1290.  Instead of seeking leave to add these allegations when Boeing made clear that the law of this Circuit required it, Plaintiff instead asked the Court for an *in camera* presentation — an invitation the Court properly rejected.  *See* May 26 Order at 9 (citing

---

dismissal of a case with prejudice before denying that first amendment.  *See also Fannon*, 583 F.3d at 1003.  As to the second point, Plaintiff simply overlooks the fact that this Court provided ample reasons. May 26 Order at 8.  In any event, Plaintiff again gets the law wrong.  *See, e.g.*, *id.* at 1001.

*Higginbotham* for the proposition that there "is no 'informer's privilege' in civil litigation"). Plaintiff's request here is no different from its belated request to add a new plaintiff or re-define the class period — Plaintiff opted to withhold the allegations, and there is no basis now to afford yet another "leisurely repeated bite[] at the apple." *Id.* at 8 (citing *Pugh*); *see also Doe*, 2009 WL 1138093, at *1 (motion to reconsider "does not provide a vehicle for a party to undo its own procedural failures"); *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002) (affirming district court's refusal to allow defendant to amend answer where defendant could not explain reason for delay).[2]

In addition, Plaintiff's request to add more confidential source allegations is futile. Although Plaintiff acknowledges that the inadequacy of those allegations was only one ground "among other[s]" on which the Court dismissed the Amended Complaint, Mot. at 1, 3, Plaintiff wholly fails to account for the other multiple, independent grounds for the Court's ruling. The proposed Second Amended Complaint in fact does literally nothing to address *any* of the other flaws identified by the Court. Specifically, it does:

- Nothing to address the "fail[ure] to identify who authored the alleged e-mails" (May 26 Order at 8-9)

- Nothing to address the Court's conclusion that "no reasonable person would infer that full analysis of wing stress test results on a complex, cutting-edge airplane invariably take 10 days" (*Id.* at 10)

- Nothing to clear up the "murky" allegations about "the wing stress test results" (*Id.*)

---

[2] Plaintiff cites several cases for the proposition that courts in this District routinely approve the use of confidential source allegations without even "describ[ing the] confidential sources of information," Mot. at 3-4 & n.1, but none of them remotely supports its cause (or even this assertion). In four of those cases the court did not even address the use of a confidential source, and in the fifth, the court held that Seventh Circuit precedent was "not directly applicable to the present case" because there (unlike here) plaintiff relied, not on its own confidential sources, but "the confidential sources of a reliable and independent newspaper." *In re JPMorgan Chase & Co. Sec. Litig.*, 2007 WL 4531794, at *5 (N.D. Ill. Dec. 18, 2007).

- Nothing to address the Court's finding that the Amended Complaint lacked "particularized facts about the testing" (*Id.*)

- Nothing to address the fact that the motive to delay the news until after the Paris Air Show was "neither compelling nor cogent" (*Id.*)

- Nothing to substantiate its "speculative theory" of scienter as to Mr. Carson (*Id.*)

- Nothing to address the Court's holding that "[f]raud cannot be inferred from subsequent investigation and testing" (*Id.* at 11)

- Nothing to address the "impermissible group pleading" of the Amended Complaint (*Id.*)

If there is any manifest error here, it is Plaintiff's remarkable claim that "the proposed SAC meets ***every standard*** set out by the Court in its May 26 Order." Mot. at 1 (emphasis added). The proposed Second Amended Complaint addresses ***none*** of these flaws; in fact, it repeats them verbatim. Amendment is therefore futile, and it should be denied. *See Campania Mgmt.*, 290 F.3d at 849.

Finally, even putting aside all of these other fatal problems, Plaintiff's "new" confidential source allegations do nothing to suggest the Court committed manifest error and give no basis for leave to amend. As the Court has recognized, Seventh Circuit law firmly establishes that confidential source allegations "must be steeply discounted," *Makor Issues & Rights, Ltd. v. Tellabs*, 513 F.3d 702, 711 (7th Cir. 2008); *Higginbotham*, 495 F.3d at 756-57, and that a complaint cannot succeed where "[t]here [i]s no basis other than the confidential sources" for a plaintiff's allegations of scienter, *Tellabs*, 513 F.3d at 712. As with its other claims, Plaintiff cites no authority to show that the Court possibly committed any error at all, much less the sort of egregious error for which a motion to reconsider is appropriate. Moreover, in contrast to the 26 sources in *Tellabs*, who had information "corroborated by multiple sources," *id.*, Plaintiff's confidential source is still just ***one*** alleged "former" employee, *see* proposed Second Amended Complaint ¶ 139, whose purported story is uncorroborated by any other sources. Even with the

additional detail, all of the concerns and deficiencies identified by this Court remain, May 26 Order at 9, and *Higginbotham* still requires dismissal.  Plaintiff's proposed Second Amended Complaint is therefore legally indistinguishable from the Amended Complaint that the Court dismissed, and is patently insufficient under governing law.  *See Higginbotham*, 495 F.3d at 756-57 (affirming dismissal of complaint with five confidential witnesses, including three ex-employees and two consultants).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion should be denied.


Dated: June 8, 2010                                 Respectfully submitted,




/s/ Mark Filip
Mark Filip
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Tel.  (312) 862-2000
Fax  (312) 862-2200
mark.filip@kirkland.com

Craig S. Primis, P.C. *(pro hac pending)*
John A. Eisenberg
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005
Tel.  (202) 879-5000
Fax  (202) 879-5200
craig.primis@kirkland.com
john.eisenberg@kirkland.com

*Attorneys for Defendants The Boeing
Company, W. James McNerney, Jr. and
Scott E. Carson*

## CERTIFICATE OF SERVICE

I, Mark Filip, hereby certify that on June 8, 2010, a true and correct copy of the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S "MOTION FOR RELIEF FROM JUDGMENT"** was filed electronically with the Northern District of Illinois - Eastern Division.  Notice of this filing has been sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's ECF system.  A courtesy copy has also been sent via e-mail to the following counsel of record:

| | |
|---|---|
| Lori A. Fanning<br>Marvin A. Miller<br>MILLER LAW LLC<br>115 S. LaSalle Street<br>Suite 2910<br>Chicago, Illinois  60603<br>Tel. (312) 332.3400<br>Fax. (312) 676-2676<br>lfanning@millerlawllc.com<br>mmiller@millerlawllc.com | Thomas E. Egler<br>Shannon M. Matera<br>Trig R. Smith<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>655 West Broadway<br>Suite 1900<br>San Diego, California 92101-3301<br>Tel. (619) 231-1058<br>Fax. (619) 231-7423<br>tome@rgrdlaw.com<br>smatera@rgrdlaw.com<br>trigs@rgrdlaw.com |
| Deborah R. Gross<br>Robert P. Frutkin<br>LAW OFFICES OF BERNARD M.<br>GROSS, P.C.<br>Wanamaker Building<br>Suite 450<br>100 Penn Square East<br>Philadelphia, Pennsylvania  19107<br>Tel. (215) 561-3600<br>Fax. (215) 561-3000<br>debbie@bernardmgross.com<br>rpf@bernardmgross.com | Randi D. Bandman<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>52 Duane Street<br>7th Floor<br>New York, New York  10007<br>randib@rgrlaw.com |

/s/ Mark Filip
Mark Filip