## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7143 | **DATE** | 6/22/2010 |
| **CASE TITLE** | CITY OF LIVONIA EMPLOYEES' RETIREMENT SYSTEM, individually and on behalf of all others similarly situated v. THE BOEING COMPANY, W. JAMES MCNERNEY, JR., and SCOTT E. CARSON | | |

**DOCKET ENTRY TEXT**

Plaintiffs' motion for relief from judgment and for leave to file a second amended class action complaint [56] is granted. Defendants shall answer or otherwise plead to the second amended class action complaint by July 2, 2010. A status hearing is set on July 2, 2010, at 9:00 a.m. SEE BELOW FOR DETAILS.

*Suzanne B. Conlon*

■ [ For further details see text below.]

Notices mailed by Judicial staff.

### STATEMENT

City of Livonia Employees' Retirement System ("City of Livonia") brought a putative class action securities fraud case against The Boeing Company ("Boeing"), its chairman, president and chief executive officer W. James McNerney, Jr., and its former executive vice president, president, and chief executive officer of the commercial airplanes segment Scott E. Carson (collectively "defendants") under sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5. City of Livonia alleged defendants intentionally deceived investors about the test and delivery schedule for its new 787 Dreamliner airplane. The court granted defendants' motion to dismiss the amended complaint for failure to state a claim under the heightened pleading standard for securities fraud claims, and dismissed the amended complaint without prejudice. Dkts. 52-54. City of Livonia seeks relief from judgment and for leave to file a second amended class action complaint. For the reasons set forth below, the motion is granted.

Leave to amend a complaint is liberally granted when justice requires. Fed. R. Civ. P. 15(a)(2); *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004). Denial is appropriate on a showing of undue delay, dilatory motive, bad faith, prejudice to the opposing party, or futility. *Dubicz*, 377 F.3d at 792. Defendants argue City of Livonia inexplicably delayed in seeking leave to amend the complaint. The case was filed seven months ago, on November 13, 2009. Dkt. 1. Plaintiffs amended the complaint once before defendants moved to dismiss. Dkt. 23. Defendants do not dispute that the parties met and conferred about the proposed second amended complaint shortly after briefing on defendants' motion to dismiss the amended complaint was complete. City of Livonia requested leave to file the second amended complaint the day after

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

**STATEMENT**

the parties were unable to reach an agreement. The record does not establish bad faith or that City of Livonia was dilatory in seeking leave to amend.

Delay is generally an insufficient basis to deny leave to amend unless it is coupled with another reason, such as prejudice to the opposing party. *Dubicz*, 377 F.3d at 793. Defendants claim inconvenience and expense from litigating its request for dismissal of the amended complaint, but do not identify any prejudice they will suffer if leave to amend is granted. The case has not proceeded beyond the pleadings stage; the filing of a second amended complaint will not unfairly prejudice defendants. *See Holstein v. Brill*, 987 F.2d 1268, 1270 (7th Cir. 1993) (leave to amend should be freely granted early in a case).

Defendants claim amendment would be futile. The opportunity to amend is futile if the complaint, as amended, would not withstand a Rule 12(b)(6) motion to dismiss. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). The court dismissed the amended complaint because City of Livonia challenged statements made prior to the proposed class period and after the date it purchased Boeing stock, failed to plead particularized facts about its alleged confidential source and the 787 Dreamliner's wing stress tests, and failed to plead facts giving rise to a cogent inference that defendants acted with intent to deceive as required by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(2). The proposed second amended complaint addresses these deficiencies. City of Livonia amends the class period to include the dates of the challenged statements and proffers a putative class representative that purchased Boeing stock after the challenged statements were made. Sec. Am. Compl. ¶¶ 1, 33 and Ex. A. The second amended complaint pleads details about the confidential source and the basis for the source's knowledge, as well as the wing stress tests. *Id.* ¶¶ 139-142. Defendants argue the second amended complaint remains deficient by failing to plead scienter. Reasonable inferences suggest otherwise. In light of the amended allegations, defendants do not establish that the proposed second amended complaint is futile. City of Livonia may file the second amended class action complaint.

*Suzanne B. Conlon*