IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| City of Livonia Employees' Retirement System, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No.: 09 C 7143<br>) |
| v. | ) Suzanne B. Conlon, Judge<br>) |
| The Boeing Company, W. James McNerney, Jr., Scott E. Carson, | )<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

The cast of characters is worthy of a contemporary novel. The players include executives of a major corporation who allegedly deceived investors about a jumbo jet on the production line; eager class action plaintiffs' lawyers who relentlessly pursue a federal securities fraud case against the company and two of its top executives; a changing array of distinguished defense attorneys who aggressively pursue the plaintiffs' attorneys for perpetrating a fraud on the court; and a pair of investigators who apparently make house calls to glean evidence for the plaintiffs' attorneys. At the center of this drama is the purported confidential source, who had a series of fateful conversations with plaintiffs' investigators and months later with defense counsel. The confidential source did not meet plaintiffs' counsel until he was recently deposed, months after plaintiffs' counsel used information purportedly provided by the confidential source to survive dismissal of this lawsuit. The confidential source now denies the information attributed to him in plaintiffs' pleadings and in their representations to the court. Plaintiffs assert their confidential

source is presently lying, while the confidential source claims it is plaintiffs' investigators who are the liars.

Against this contentious backdrop, the court must decide whether we have reached the final chapter.

### I.

This putative class action was filed on behalf of the City of Livonia Employees' Retirement System ("plaintiffs") on Friday, November 13, 2009. Named as defendants are The Boeing Company, and two present and former Boeing executives. Violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5(b), are alleged. Defendants are accused of intentionally deceiving investors about the testing and delivery schedule for the much-anticipated 787 Dreamliner commercial aircraft.

The amended complaint was dismissed without prejudice for failure to adequately plead scienter. *City of Livonia Employees' Retirement System v. The Boeing Co.*, No. 09-7143, 2010 WL 2169491, at *7 (N.D. Ill. May 26, 2010) (Conlon, J.). There was no basis in the amended complaint to support a strong inference that Boeing's top executives knew about test results in April and May 2009; test results required a delay in the first flight of the 787-8 not disclosed in several public statements about the aircraft. Particularized facts giving rise to a strong inference of intent to deceive by each defendant is a pleading requirement under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C § 78u-4(b); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007) ("*Tellabs I*"). An inference of scienter must be cogent and as compelling as an opposing inference in order for a

federal securities fraud complaint to survive a motion to dismiss under the higher pleading standard imposed by the PSLRA. *Id.* Plaintiffs' generalized reliance on confidential source information was insufficient to establish Boeing's scienter. Allegations by confidential sources are discounted, "usually steeply," because information from anonymous sources is not regarded as compelling or supportive of plausible inferences. *Higginbotham v. Baxter Int'l, Inc.*, 495 F.3d 753, 757 (7th Cir. 2007). This court did not credit plaintiffs' confidential source information because the amended complaint lacked particularized information concerning how any anonymous source was in a position to know about defendants' knowledge and intent, and reasons were not provided to establish that any specific undisclosed source should be credited. *Makor Issues & Rights, Ltd. v. Tellabs Inc.*, 513 F.3d 702, 712 (7th Cir. 2008) ("*Tellabs II*").

Plaintiffs were granted leave to file a second amended complaint that added paragraphs 139-142, pleading details about only one confidential source and the basis for his knowledge. Dkt. No. 62 (June 22, 2010). Defendants' motions to dismiss the second amended complaint and for certification of an interlocutory appeal were denied. Dkt. Nos. 73 (August 10, 2010); 79 (August 30, 2010). The court expressly relied on the new allegations in paragraphs 139-142 concerning the confidential source's insider position at Boeing and representations by plaintiffs' counsel that the confidential source had firsthand knowledge about the 787's test results in documents circulated to top executives in April and May 2009. Transcript of August 30, 2010 hearing ("H'rng Tr.") at 21:18-19.

After plaintiffs' disclosure of Bishnujee Singh as the confidential source, he was interviewed by defense counsel; he was then deposed and provided a declaration attached to defendants' motion to dismiss for fraud on the court. Singh has consistently denied that he was

3

the source of the information attributed to him in the second amended complaint. Indeed, he denies he was employed by Boeing. Rather, he attests he worked for an outside contractor at Boeing starting in late August 2009, months after the events at issue in this suit; he denies personal knowledge of the 787-8 testing documents or their circulation to Boeing executives in April and May 2009; he claims he never met plaintiffs' counsel until his deposition on November 17, 2010; nor was he ever shown the allegations attributed to him in the second amended complaint until he met with defense counsel on November 2, 2010. *See* Affidavit of Steve Y. Koh, filed in support of defendants' motion for reconsideration, Dkt. No. 160 (December 10, 2010).

Defendants' motion to dismiss for fraud on the court was summarily denied before the record was developed concerning Singh, his lack of a basis for personal knowledge, and his denial of factual allegations attributed to him in paragraphs 139-142 of the second amended complaint. Dkt. No. 107 (October 14, 2010). The court relied on the notes of one of plaintiffs' investigators to conclude that there was a good faith basis for the allegations in paragraphs 139-142. The court was unaware of the significant conflict between plaintiffs' allegations and later developed facts concerning the identity of the confidential source and his claimed lack of personal knowledge. Nor was the court aware that plaintiffs' counsel never met with Singh before adding the confidential source allegations to the second amended complaint, and counsel apparently never verified the hearsay reports of their investigators concerning Singh's position at Boeing or the basis of his purported personal knowledge. It is undisputed that plaintiffs' counsel never disclosed paragraphs 139-142 to Singh; rather it was defense counsel who first showed

4

Singh the allegations attributed to him six months after the second amended complaint was proffered to the court.

Without verifying the facts, plaintiffs' counsel represented to the court that the confidential source was a former Boeing senior structural analyst and chief engineer who worked on the 787 team. Plaintiffs led the court to believe that the confidential source had direct access to and firsthand knowledge about the 787 test files and the distribution of the information to defendants in April and May 2009. *See* 8/30/10 H'ring Tr. at 17-22 (finding the allegations concerning the confidential informant's firsthand knowledge were cogent and supported a strong inference that defendants knew about 787 testing issues when they made allegedly misleading public statements).

Now before the court is defendants' fully-briefed motion for reconsideration of the denials of their motions to dismiss the second amended complaint and to dismiss the case with prejudice for fraud on the court. For the reasons explained below, the motion for reconsideration is granted.

## II.

Defendants predicate their motion for reconsideration on Rule 54(b) and the court's inherent power to alter its own prejudgment orders when new facts come to light. *United States v. Petersen Sand and Gravel, Inc.*, 806 F. Supp. 1346, 1360 (N.D. Ill. 1992) (Conlon, J.). It is beyond question that before final judgment is entered on all issues, Rule 54(b) authorizes reconsideration of interlocutory orders at any time. *Marconi Wireless Telegraph Co. of America v. United States*, 320 U.S. 1, 48, 63 S. Ct. 1393, 87 L. Ed. 1731 (1943); *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). The court may

consider denials of motions to dismiss under Rule 54(b). *Cameo Convalescent Ctr., Inc. v. Percy,* 800 F.2d 108, 110 (7th Cir. 1986). The basic function of a motion for reconsideration, whether under Rule 54(b) or an invocation of the court's inherent power, is to correct manifest errors of law or fact, or to present newly discovered evidence. *Zurich Capital Markets Inc. v. Coglianese,* 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005) (St. Eve, J.) (quoting *Publishers Resource,* 762 F.2d at 561).

Plaintiffs respond that the court may not reconsider its prior orders denying dismissal because defendants base their present motion on facts beyond the allegations of the second amended complaint, in derogation of Rule 12(b)(6) and (c).[1] Plaintiffs conclude that the motion for reconsideration is procedurally unsound. The court disagrees. The flaw in plaintiffs' argument is that the underlying motions to dismiss were not simply governed by Rule 12(b), but also by the higher pleading standard required by the PSLRA. To survive a motion to dismiss, particularized facts must be alleged that support a strong inference of scienter; the inference must be cogent and at least as compelling as an opposing inference. *Tellabs I,* 551 U.S. at 324. If scienter is based on an anonymous informant, the allegations of the complaint must explain how the unidentified source was in a position to personally know the facts "to which they are prepared to testify . . ." *Tellabs II,* 513 F.3d at 712. Absent these essentials, the confidential source's information must be sharply discounted or dismissed entirely, depending on the circumstances.

---

[1] Nonetheless, plaintiffs submit 21 exhibits to buttress their argument that recent discovery of Boeing records supports their theory of the case and, impliedly, that they no longer need to rely on the unreliable confidential source. This argument begs the question: was it error under the PSLRA to deny defendants' motions to dismiss the second amended complaint?

6

The motion for reconsideration challenges the prior denials of defendants' dismissal motions on grounds that the court committed errors of fact. The factual errors are based on plaintiffs' fundamental misrepresentations that an unidentified Boeing insider had personal knowledge of Boeing records showing defendants' scienter and that this anonymous witness had access to the information by reason of his Boeing position as a chief engineer and senior structural analyst in the division responsible for the testing process. Singh repudiates the essential aspects of the allegations in paragraphs 139-142. Determination whether the orders at issue were based on errors of fact requires consideration of evidence developed in subsequent discovery concerning Singh and the basis for the confidential source allegations that were critical to the survival of the second amended complaint. Under Rule 54(b), the court may consider evidence of manifest factual errors for the limited purpose of determining whether its dismissal orders were procured by fraud, carelessness by counsel, or by the court's own misperception of the facts. Any of these possibilities warrant reconsideration of the orders.

Plaintiffs do not dispute some pivotal facts. The allegations in paragraphs 139-142 incorrectly identify Singh as a Boeing senior engineer with access to 787 test records by reason of his position. In reality, he was employed as a line engineer by an outside contractor doing work at Boeing three or four months after the events in issue. Plaintiffs do not offer any evidence that suggests Singh had access to Boeing internal test files or personal knowledge about distribution of test results to defendants. Singh's deposition testimony and affidavit stand unrebutted: he was not a Boeing engineer, chief or otherwise, and he did not have access to the 787-8 test files. If these facts were disclosed while the dismissal motions were pending, the court would not have concluded that the confidential source allegations were reliable, much less cogent

and compelling. The second amended complaint would have been dismissed, possibly with prejudice, as insufficient under the PSLRA. It matters not whether, as plaintiffs argue, Singh told their investigators the truth, but he is lying now for ulterior motives. The reality is that the informational basis for paragraphs 139-42 is at best unreliable and at worst fraudulent, whether it is Singh or plaintiffs' investigators who are lying.

More significantly, this unseemly conflict between plaintiffs' confidential source and plaintiffs' investigators could have been avoided by reasonable inquiry on the part of plaintiffs' counsel before filing the second amended complaint and, later, by making flawed representations directly to the court about the confidential source's position and firsthand knowledge of Boeing's internal testing documents. It is uncontested that plaintiffs' counsel did not meet Singh until his deposition approximately six months after filing the second amended complaint, nor does it appear that counsel conducted a reasonable investigation concerning the credibility and reliability of a purported key witness attributed with making the serious allegations in paragraphs 139-142. Rather, plaintiffs' counsel relied on investigators' unverified interview reports, even though one report noted Singh's information regarding Boeing's Structural Design reporting hierarchy was unreliable. Dkt. No. 193 (January 18, 2011), Ex. 9 at 20. This should have been a red flag. Instead, the information described by the investigator as unreliable was included in paragraphs 139 and 140 of the second amended complaint.

The court need not determine whether Singh is responsible for the disinformation in the second amended complaint and proliferated in plaintiffs' subsequent pleadings and representations to the court. Material facts concerning the confidential source's position and personal knowledge were misrepresented by plaintiffs. As a result, the two orders denying

dismissal relied on false information concerning Singh's position and his personal knowledge. This was manifest factual error. The information attributed to the confidential source in paragraphs 139-142 should not only have been steeply discounted, it should not have been considered at all.

### III.

The court erred in concluding that the confidential source allegations in the second amended complaint were sufficient to satisfy the PSLRA pleading requirements. Accordingly, defendants' motion for reconsideration is granted. The second amended complaint is dismissed with prejudice.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

March 7, 2011