# **EXHIBIT C**

1

```
            IN THE UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

CITY OF LIVONIA EMPLOYEES'       ) Docket No. 09 C 7143
RETIREMENT SYSTEM, Individually  )
and on Behalf of All Others      )
Similarly Situated,              )
                                 )
        Plaintiff,               )
                                 ) Chicago, Illinois
     vs.                         ) October 14, 2010
                                 ) 9:00 o'clock a.m.
THE BOEING COMPANY, et al.,      )
                                 )
        Defendants.              )

            TRANSCRIPT OF PROCEEDINGS - Motion
         BEFORE THE HONORABLE SUZANNE B. CONLON

APPEARANCES:
For the Plaintiff:     MILLER LAW PC
                       BY: MR. MARVIN ALAN MILLER
                       115 South LaSalle Street
                       Suite 2910
                       Chicago, Illinois  60603

                       ROBBINS GELLER RUDMAN & DOWD LLP
                       BY: MR. THOMAS E. EGLER
                       655 West Broadway
                       Suite 1900
                       San Diego, California  92101


For the Defendant:     PERKINS COIE LLC
                       BY: MR. ERIC D. BRANDFONBRENER
                       131 South Dearborn Street
                       Suite 1700
                       Chicago, Illinois  60603

                       SULLIVAN & CROMWELL LLP
                       BY: MR. DAVID B. TULCHIN
                       125 Broad Street
                       New York, New York  10004

          LAURA LACIEN, CSR, RMR, FCRR, CRR
                 Official Court Reporter
       219 South Dearborn Street, Suite 1902
                Chicago, Illinois  60604
                     (312) 408-5032
```

Laura LaCien - Official Court Reporter

```
 1        (The following proceedings were had in open court:)
 2            COURTROOM DEPUTY:  09 C 7143, City of Livonia
 3   Employees' Retirement System versus Boeing Company, et al.;
 4   motion.
 5            MR. MILLER:  Good morning, your Honor.  Marvin
 6   Miller on behalf of the plaintiffs.
 7            MR. EGLER:  Good morning, your Honor.  Thomas Egler
 8   on behalf of the plaintiffs.
 9            THE COURT:  Good morning.
10            MR. BRANDFONBRENER:  Good morning, your Honor.  Eric
11   Brandfonbrener for the defendants.  With me is David Tulchin.
12   We had filed a pro hac vice application.  I provided another
13   copy to your clerk.
14            THE COURT:  I haven't seen it.
15            MR. TULCHIN:  Good morning, your Honor.
16            THE COURT:  Good morning.
17            I think the Clerk's Office handles this.  I don't
18   know whether a formal motion is necessary anymore but it's
19   granted, if it is necessary.
20            I've looked at the motion to strike -- well, I've
21   looked at far more than the motion to strike.  I looked at
22   the motion to dismiss filed by new defense counsel and the
23   motion is entitled a Motion to Dismiss with Prejudice on the
24   Basis of Fraudulent Misrepresentations by Plaintiffs and
25   Plaintiffs' Counsel, Robbins Geller.
```

1        Since that motion was received -- I was not in
2   chambers when that motion came in.  It was sent to me and the
3   courtroom deputy was also out one day so we -- it was awhile
4   before we got the order out.  In fact, the order wasn't --
5   the order with a responsive date for plaintiffs went out far
6   later than I would have wished.  But in the meantime,
7   plaintiff did file two responses, a preliminary response and
8   a response.  And then when my order came out, they filed a
9   timely full response.
10       So this motion to strike is addressing the
11  plaintiffs' first two filings which, given the nature of the
12  motion that was filed that impugned the professionalism and
13  integrity of plaintiffs' counsel and plaintiffs, I fully
14  understand why plaintiffs felt a need to respond as quickly
15  as possible to such damaging allegations so the motion to
16  strike is denied.
17       I have considered the motion to dismiss.  I've
18  looked at the investigator's -- the investigator for the
19  plaintiffs' work product, her notes of interview of the
20  confidential source, her memo to counsel about her interview,
21  and I think the characterizations and language in the motion
22  to dismiss are ill founded if not reckless and the motion to
23  dismiss is denied.
24       I also find that looking at the history of the
25  litigation and in particular the response, Boeing's response

1  to the motion to produce the request to produce with a
2  statement that discovery is stayed pending the third motion
3  to dismiss suggests that this motion was filed for dilatory
4  purposes so the motion is denied.
5      I want to tell you, discovery is not stayed.  If
6  there are disputes -- and it looked to me that there was a
7  mantra -- a non-responsive mantra to each of the requests
8  made by the plaintiffs for Boeing's files concerning the --
9  not all requests.  There were some limited -- even though
10 there were objections, there was a limited willingness to
11 produce several files.
12      Have those been produced?
13      MR. TULCHIN:  No, your Honor.  This is David Tulchin
14 for the defendants.
15      We were relying on the automatic stay in the
16 PSLRA but I understand the Court's views and we're prepared
17 to produce the stress test files to which the plaintiffs have
18 referred.
19      THE COURT:  All right.  If there are any disputed --
20 well, let me ask you -- I don't want to say "if."  Are there
21 any categories of documents where there's still a dispute as
22 to whether or not Boeing will produce?
23      MR. TULCHIN:  Oh, yes.  I believe there are, your
24 Honor.  I think many of the requests were exceedingly broad
25 and asks for documents that don't pertain in any way to the

5

1 allegations.
2     THE COURT: The response to all the requests as I
3 recall but -- all right. Well, I am directing counsel to
4 have a meeting in my attorney/witness this morning and go
5 through those objections and see if some of the requests can
6 be narrowed. I don't think the solution is a mantra response
7 that everything is overbroad, burdensome, irrelevant; no. I
8 think you need to sit down and talk about exactly what files
9 if -- what requests for production describes a categorization
10 of files in a way that internal management at Boeing does
11 not, they use different language or terms, you've got to talk
12 about it because this is --
13     MR. TULCHIN: Of course, your Honor.
14     THE COURT: -- not going to be a shell game. It is
15 not going to be a shell game.
16     MR. TULCHIN: Of course, your Honor.
17     THE COURT: And in terms of a possible need for a
18 protective order, I want you to discuss that as well.
19     MR. EGLER: There's a protective order entered in
20 this case already, your Honor.
21     THE COURT: Well, then that's a non-issue. I'm glad
22 we have a non-issue in this case.
23     All right. If you cannot reach an agreement after
24 your meeting or during your meeting, I am in trial but please
25 tell Mrs. Rone and I will figure out a time today to see you.

```
 1   I'll figure out a time when the jury is in recess.  All
 2   right.  Thank you.
 3           MR. MILLER:  Thank you, your Honor.
 4           MR. EGLER:  Thank you, your Honor.
 5      (WHEREUPON, the Court turned her attention to other
 6   matters on her call; after which the following proceeding was
 7   had in open court at 5:00 p.m.:)
 8           COURTROOM DEPUTY:  09 C 7143, City of Livonia
 9   Employees' Retirement System versus The Boeing Company, et
10   al.
11           THE COURT:  Well, good afternoon or should I say
12   good evening.
13           MR. MILLER:  Good afternoon, your Honor.
14           MR. EGLER:  Good afternoon, your Honor.
15           MR. MILLER:  Judge, Marvin Miller for the
16   plaintiffs.
17           MR. EGLER:  Thomas Egler for the plaintiffs, your
18   Honor.
19           MR. BRANDFONBRENER:  Good evening, your Honor.  Eric
20   Brandfonbrener for the defendants.
21           THE COURT:  Yes.
22           MR. MILLER:  Your Honor, pursuant to your
23   instructions this morning, we worked until approximately 4:30
24   going through all of the requests and the objections.  I
25   think we made pretty substantial progress.  There are a
```

1  couple of open items.  Mr. Egler can address those.
2              MR. EGLER:  Your Honor, the open items that
3  defendants -- we have agreed to discuss with defendants are
4  first at issue about the location of documents at Boeing and
5  how we can settle that issue either through an exchange of
6  letters or through a 30 -- a series of 30(b)(6) depositions.
7  We expect to get that settled forthwith over the next,
8  hopefully, few days.
9              The second thing is defendants are currently
10 objecting to producing accounting detail regarding a $2.5
11 billion charge Boeing took on the 787 program three months
12 after the class period based on relevance grounds.  They are
13 examining whether a proposal we made narrowing the amount of
14 documents will solve the issue.
15             The third thing is whether the defendants should
16 produce documents for one month after the class period for
17 five requests.  They are objecting to producing any documents
18 outside of the class period and we are -- they are
19 reconsidering or considering the issues now.
20             And then the last thing is, the scope of the
21 individuals for whom documents will be searched at the top of
22 The Boeing Company -- and I think that relates to two or
23 three requests that we've agreed to narrow from a broader
24 scope and are awaiting their proposal with regard to
25 information about who they're willing to search for or whose

files they're willing to search.

THE COURT: Well, let me ask you -- and of course from Boeing, too, but is the discussion regarding resolving the issues that you've just -- the five issues that you've just described, is there ongoing discussion? Are the lines of communication open so it's possible you might be able to resolve those open issues?

MR. BRANDFONBRENER: Your Honor, it's likely. The underlying -- there were 59 requests and I think we've resolved -- we had issues on, as the Court saw, on almost all of them and we worked our way through each of the 59. These are remaining, I think, small items that I suspect we'll be able to resolve within the next few days.

THE COURT: Well, I would hope so. I would hope so. Yes.

MR. BRANDFONBRENER: Partly, we just ran out of time.

THE COURT: Yes.

MR. BRANDFONBRENER: But --

THE COURT: Well, I appreciate the hard day you put in. I put in a long day myself but I'll tell you, probably yours was in some respects more difficult so -- a lot of respects more difficult so I appreciate that and I appreciate your coming to update me on how it's going and I'm glad that -- glad that there are open lines of communication and

```
 1  congeniality.  Thank you.
 2          MR. MILLER:  Thank you, your Honor.
 3          MR. EGLER:  Thank you, your Honor.
 4          MR. BRANDFONBRENER:  Thank you.
 5      (Which concluded the proceedings in the above-entitled
 6  matter.)
 7
 8                   C E R T I F I C A T E
 9          I hereby certify that the foregoing is a transcript
10  of proceedings before the Honorable Suzanne B. Conlon on
11  October 14, 2010.
12
13  /s/Laura LaCien
14                                         October 22, 2010
    Laura LaCien                                  Date
15  Official Court Reporter
```