# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CITY OF LIVONIA EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY, W. JAMES MCNERNEY, JR., and SCOTT E. CARSON,<br><br>Defendants. | No. 1:09-cv-07143<br><br>Chief Judge Ruben Castillo<br><br>Magistrate Judge Susan E. Cox |

## DEFENDANTS' REPLY IN FURTHER SUPPORT OF
## SANCTIONS PURSUANT TO
## THE PRIVATE SECURITIES LITIGATION REFORM ACT AND RULE 11

Pravin B. Rao (#06230097)
Patrick M. Collins (#06206686)
Eric D. Brandfonbrener (#06195674)
PERKINS COIE LLP
131 South Dearborn Street, Suite 1700
Chicago, Illinois 60603-5559
Tel: (312) 324-8400
Fax: (312) 324-9400
prao@perkinscoie.com
pcollins@perkinscoie.com
ebrand@perkinscoie.com

Steve Y. Koh
Eric B. Wolff
Ryan M. Spear
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Tel: (206) 359-8000
Fax: (206) 359-9000
skoh@perkinscoie.com
ewolff@perkinscoie.com
rspear@perkinscoie.com

November 22, 2013

*Attorneys for Defendants The Boeing Company, W. James McNerney, Jr., and Scott E. Carson*

## TABLE OF CONTENTS

                                                                                 **Page**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 3

    A. Plaintiffs' counsel cannot avoid Judge Conlon's findings regarding their obvious lack of reasonable inquiry in this case ...................................................... 3

        1. The Seventh Circuit in no way rejected the conclusion that Judge Conlon's findings are sufficient to find a Rule 11 violation ...................... 4

        2. The proper standard is "inquiry reasonable under the circumstances," not the standard plaintiffs' counsel advances .................. 6

        3. Plaintiffs' counsel's allegations and representations were not supported by a reasonable investigation ...................................................... 8

    B. Plaintiffs' counsel cannot shift the blame to the source, Boeing, or the investigator .............................................................................................................. 11

III. CONCLUSION ................................................................................................................. 14

## TABLE OF AUTHORITIES

Page

**CASES**

*Ackerman v. Nw. Mut. Life Ins. Co.*,
  172 F.3d 467 (7th Cir. 1999) ..................................................................................................8

*Applestein v. Medivation, Inc.*,
  861 F. Supp. 2d 1030 (N.D. Cal. 2012) ................................................................................14

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
  579 F.3d 143 (2d Cir. 2009)....................................................................................................3

*Auto. Indus. Pension Trust Fund v. Textron Inc.*,
  682 F.3d 34 (1st Cir. 2012) .....................................................................................................8

*Belmont Holdings Corp. v. SunTrust Banks, Inc.*,
  896 F. Supp. 2d 1210 (N.D. Ga. 2012) .................................................................................13

*Boca Raton Firefighters' & Police Pension Fund v. Devry Inc.*,
  No. 10 C 7031, 2013 WL 1286700 (N.D. Ill. Mar. 27, 2013) ..............................................13

*City of Livonia Emps.' Ret. Sys. v. Boeing Co.*,
  711 F.3d 754 (7th Cir. 2013) .......................................................................................... passim

*City of Livonia Emps.' Ret. Ret. Sys. v. Boeing Co.*,
  No. 09 C 7143, 2011 WL 824604 (N.D. Ill. Mar. 7, 2011) ............................................ passim

*City of Pontiac Gen. Emps.' Ret. Ret. Sys. v. Stryker Corp.*,
  865 F. Supp. 2d 811 (W.D. Mich. 2012) ..............................................................................13

*City of Taylor Gen. Emps.' Ret. Ret. Sys. v. Magna Int'l, Inc.*,
  No. 12 Civ. 3553(NRB), 2013 WL 4505256 (S.D.N.Y. Aug. 23, 2013) ..............................13

*Glaser v. The9, Ltd.*,
  772 F. Supp. 2d 573 (S.D.N.Y. 2011).............................................................................. 13-14

*Harding Univ. v. Consulting Servs. Grp., L.P.*,
  48 F. Supp. 2d 765 (N.D. Ill. 1999) .....................................................................................6, 7

*In re Austl. & N.Z. Banking Grp. Ltd. Sec. Litig.*,
  712 F. Supp. 2d 255 (S.D.N.Y. 2010)....................................................................................8

*In re Bees*,
  562 F.3d 284 (4th Cir. 2009) ................................................................................................11

*In re Cisco Sys., Inc. Sec. Litig.*,
  No. C, 2013 WL 1636384 (N.D. Cal. Apr. 16, 2013)...........................................................13

# TABLE OF AUTHORITIES
(continued)

Page

*In re Ronco, Inc.*, 838 F.2d 212 (7th Cir. 1988) ..........................................................................2

*Livingston v. Cablevision Sys. Corp.*,
   No. 12-CV-377 (KAM) (SMG), 2013 WL 4763430 (E.D.N.Y. Sept. 5, 2013) ......................14

*Makor Issues & Rights v. Tellabs, Inc.*,
   513 F.3d 702 (7th Cir. 2008) ..................................................................................................8

*Mars Steel Corp. v. Cont'l Bank N.A.*,
   880 F.2d 928 (7th Cir. 1989) ..................................................................................................6

*O'Brien v. Alexander*,
   101 F.3d 1479 (2d Cir. 1996)........................................................................................... 10-11

*Paniagua v. Max 18, Inc.*,
   No. 11 C 03320, 2013 WL 5907893 (N.D. Ill. Nov. 4, 2013) ..................................................7

*Sec. Farms v. Int'l Bhd. of Teamsters*,
   124 F.3d 999 (9th Cir. 1997) ..................................................................................................7

*United Stars Indus., Inc. v. Plastech Engineered Prods., Inc.*,
   525 F.3d 605 (7th Cir. 2008) ..................................................................................................7

**STATUTES**

15 U.S.C. § 78u-4(c)(2) ..................................................................................................................4

**RULES**

Federal Rule of Civil Procedure 9(b)..............................................................................................8

Rule 11 ................................................................................................................................. passim

Rule 11(b) ...............................................................................................................................1, 2, 3

Rules 11(b)(3) .................................................................................................................................4

# I. INTRODUCTION

In their Response, plaintiffs' counsel fails to address the essential undisputed facts showing that sanctions should be imposed. They concede the facts that show they failed to conduct "an inquiry reasonable under the circumstances," as required by Federal Rule of Civil Procedure 11(b). They never deny—or even address—their misleading statements to Judge Conlon that formed the basis for her dismissal of their case. Instead, they misstate the law and recite a litany of irrelevant excuses in an attempt to shift blame for their misconduct to everyone but themselves.

Plaintiffs' counsel fundamentally misstates the governing legal standard, seeking to avoid the obligation imposed by Rule 11. By their Response, plaintiffs' counsel asks the Court to hold that Rule 11 can apply in a securities fraud case only where allegations relating to a confidential source were "utterly lacking support at the time plaintiffs filed the complaints." Resp. at 1. That proposed standard is contrary to the plain terms of Rule 11, which requires counsel to have made "an inquiry reasonable under the circumstances." Plaintiffs' counsel's proposed standard would rewrite Rule 11 and permit attorneys to prosecute a securities fraud case based on a single confidential source—no matter how dubious, without any corroboration—and immunize themselves from sanctions. That does not constitute a reasonable inquiry under any circumstances.

Plaintiffs' lawyers argue that "Rule 11 sets a low bar." Resp. at 13. Even if that were true, however, the undisputed record shows that counsel's conduct here fell far lower than what Rule 11 tolerates. Although they started with familiar tactics—the use of investigators and confidential sources—plaintiffs' counsel took them too far. When issues arose with their sole confidential source, counsel did not pause and investigate, as Rule 11 requires, or simply decline to file a complaint for which they did not have adequate factual support. Instead, counsel doubled down and chose instead to vouch for that lone source's information as a "smoking gun," even though they

had no corroboration for the allegations attributed to him, had never spoken with him, and had no reason to think—particularly after he refused to cooperate—that the source could or would testify as to what was alleged. By intentionally misleading the Court in order to avoid dismissal, plaintiffs' attorneys went far beyond the "zealous lawyering" they claim that an award of sanctions would chill, Resp. at 13, and crossed the line into sanctionable behavior. Holding attorneys accountable for misrepresentations to the court and requiring them to conduct reasonable inquiries before filing complaints serves to promote, not hinder, the administration of justice.

Contrary to plaintiffs' lawyers' contentions, courts in this Circuit objectively assess whether a plaintiff conducted a *reasonable* investigation in determining whether sanctions are warranted under Rule 11(b). *See, e.g., In re Ronco*, *Inc.*, 838 F.2d 212, 217 (7th Cir. 1988) ("The failure of an attorney to make an objectively reasonable investigation. . . justifies the imposition of Rule 11 sanctions"). As discussed in defendants' opening brief, Judge Conlon has already undertaken that objective inquiry and made findings sufficient to impose sanctions here. *See* Defs. Mem. at 14-16, 22-25. Judge Conlon found that plaintiffs' counsel failed to make a "reasonable inquiry . . . before filing the second amended complaint," by failing to "conduct[] a reasonable investigation concerning the credibility and reliability of a purported key witness." *City of Livonia Emps.' Ret. Sys. v. Boeing Co.*, No. 09 C 7143, 2011 WL 824604, at *4 (N.D. Ill. Mar. 7, 2011). Nothing more is required for the Court to find a Rule 11 violation here.

Plaintiffs' counsel contends that the Seventh Circuit rejected that argument, Resp. at 16, but that is not true. According to the Seventh Circuit, Judge Conlon's ruling dismissing the Second Amended Complaint ("SAC") showed that "the judge thought [plaintiffs' counsel's] failure to attempt to verify the allegations in the investigator's notes amounted to a fraud on the court." *City of Livonia Emps.' Ret. Sys. v. Boeing Co.*, 711 F.3d 754, 760 (7th Cir. 2013); *see also id.* at 761

("the judge's harsh criticism of the plaintiffs when she dismissed the [SAC] . . . indicated agreement" with defendants' arguments that plaintiffs' counsel violated Rule 11). In explaining its narrow remand, far from rejecting Judge Conlon's findings, the Seventh Circuit observed that "[t]he district court is in a better position than the court of appeals to *calculate the dollar amount of the sanction,*" *id.* at 762 (emphasis added), and expressly noted that it was "unlikely" that there would be any "additional insights" on remand regarding the "accused lawyers' conduct," *id.*

Finally, it is beyond dispute that the misconduct in this case by plaintiffs' counsel is not an isolated incident. The Seventh Circuit expressly ruled that counsel has engaged in "similar misconduct" in other cases. *City of Livonia*, 711 F.3d at 762. Contrary to plaintiffs' lawyers' position, the fact that they have avoided sanctions in other cases does not mean that they should avoid sanctions here. Having been warned repeatedly, it is time for plaintiffs' counsel to be held accountable. Defendants respectfully submit that declining to impose sanctions in this case would simply invite more of the same behavior and would undermine the central purpose of the Private Securities Litigation Reform Act ("PSLRA"). *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 152 (2d Cir. 2009) (PSLRA was intended "to increase the frequency of Rule 11 sanctions in the securities context, and thus tilt the 'balance' toward greater deterrence of frivolous securities claims").

## II. ARGUMENT

### A. Plaintiffs' counsel cannot avoid Judge Conlon's findings regarding their obvious lack of reasonable inquiry in this case.

The plain text of Rule 11 requires counsel to conduct a reasonable inquiry. *See* Fed. R. Civ. P. 11(b) (signed pleading certifies belief "formed after an inquiry reasonable under the circumstances" that "the factual contentions have evidentiary support"); *see also City of Livonia*, 711 F.3d at 762 ("Representations in a filing in a federal district court that are not grounded in an

'inquiry reasonable under the circumstances' or that are unlikely to 'have evidentiary support after a reasonable opportunity for further investigation or discovery' violate Rules 11(b) and 11(b)(3)."). Judge Conlon found that plaintiffs' counsel failed to make a "reasonable inquiry . . . before filing the second amended complaint" and failed to "conduct[] a reasonable investigation concerning the credibility and reliability of a purported key witness." *City of Livonia*, 2011 WL 824604, at *4. Judge Conlon went on to find that plaintiffs' counsel made "flawed representations directly to the court about the confidential source's position and firsthand knowledge of Boeing's internal testing documents." *Id.*; *see also id*. at *5 ("Material facts concerning the confidential source's position and personal knowledge were misrepresented by plaintiffs."). Given those findings, plaintiffs' counsel is hard-pressed to argue that a violation of Rule 11 has not already been found.

Nonetheless, plaintiffs' counsel advances three main points to try to avoid sanctions: (1) the Seventh Circuit rejected the argument that Judge Conlon's findings are sufficient; (2) Rule 11 prohibits only allegations that are "utterly lacking in support"; and (3) counsel's investigation, such as it was, was reasonable. None of those points has any merit.

### 1. The Seventh Circuit in no way rejected the conclusion that Judge Conlon's findings are sufficient to find a Rule 11 violation.

The Seventh Circuit clearly and correctly read Judge Conlon's decision as finding a "fraud on the court" and as indicating agreement with defendants that plaintiffs' counsel violated Rule 11. *See City of Livonia*, 711 F.3d at 760-61; Defs. Mem. at 18-19. A fraud on the court warrants sanctions in a PSLRA case, where by statute sanctions "shall" be imposed for violating Rule 11. 15 U.S.C. § 78u-4(c)(2). There can be no serious dispute that the Seventh Circuit understood Judge Conlon's ruling as making findings that warrant sanctions.

Plaintiffs' counsel nevertheless argues that by remanding the case, the Seventh Circuit somehow "rejected" the sufficiency of Judge Conlon's findings. *See* Resp. at 16. But there is not a

word in the Seventh Circuit opinion that rejects *anything* that Judge Conlon found. The findings quoted above were the basis for Judge Conlon's dismissal of the lawsuit, and the Seventh Circuit affirmed the dismissal. As to Judge Conlon's findings about counsel's conduct, the Seventh Circuit accepted and elaborated on them. The Seventh Circuit noted that plaintiffs' counsel made unwarranted "confident assurances" about the confidential source's position and personal knowledge—even though counsel had not spoken with Mr. Singh, the source. *City of Livonia*, 711 F.3d at 762. Further, the conduct of plaintiffs' counsel put the Seventh Circuit "in mind of ostrich tactics—of failing to inquire for fear that inquiry might reveal . . . evidence of *their* scienter regarding the authenticity of the confidential source." *Id.* Those statements are the Seventh Circuit's appraisal of the same record that is before the Court, and plaintiffs' counsel has pointed to nothing additional that the Court should consider.

Furthermore, there is nothing about the remand instructions that prevents this Court from finding a Rule 11 violation based solely on what Judge Conlon found. The Seventh Circuit noted that it could decide the sanctions issue for itself on the present record, but that "generally" remand is the better course. *Id.* The reason the Seventh Circuit gave for why remand was better was not that the question is close, not that more fact-finding is necessary, and certainly not that it disagreed with something Judge Conlon said. Rather, the Seventh Circuit simply stated that the district court "is in a better position than the court of appeals to calculate the dollar amount of the sanctions," *id.*, and noted that it did not expect any "additional insights" about attorney conduct on remand given that the case was not being remanded to Judge Conlon. *Id.* It is impossible to read these conclusions as any sort of "rejection" of defendants' position, and plaintiffs' counsel has pointed to nothing that suggests the contrary.

### 2. The proper standard is "inquiry reasonable under the circumstances," not the standard plaintiffs' counsel advances.

Because plaintiffs' counsel cannot avoid the inevitable result of Judge Conlon's findings about their lack of reasonable inquiry and the Seventh Circuit's holding that a reasonable inquiry is precisely what Rule 11 requires, counsel interposes a different standard that is so absurdly low that even they can surmount it: whether the allegations were "utterly lacking in support" at the time the complaint was filed. Resp. at 14. As plaintiffs' counsel would apply that standard, so long as an attorney uses an investigator to find some person who will purportedly say that he has seen e-mails to the CEO of a major corporation that are evidence of fraud, that statement can be alleged as the sole evidence of scienter in a securities fraud case and touted as "smoking gun" evidence in open court in order to avoid dismissal, even if there is no corroboration and even if the attorney has never met or talked with the person.

As an initial matter, the standard counsel proposes is not the law in the Seventh Circuit. The Seventh Circuit standard for evaluating an attorney's pre-filing investigation, drawn from the plain text of Rule 11, is reasonableness. *See City of Livonia*, 711 F.3d at 762; *see also Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 938 (7th Cir. 1989) (Rule 11 requires an objective determination of whether counsel made a "reasonable inquiry"; affirming imposition of sanctions). The "utterly lacking in support" standard is a phrase that the Second Circuit adopted, and it has seldom been applied outside of that Circuit. Plaintiffs' counsel identifies only one case in this district in which it was invoked. *See Harding Univ. v. Consulting Servs. Grp., L.P.*, 48 F. Supp. 2d 765 (N.D. Ill. 1999). But *Harding* does not actually support plaintiffs' counsel's position. In that case, the court denied sanctions and noted that the allegations in the complaint were not "utterly void of support." *Id.* at 769. The basis for denying sanctions, however, was that counsel had "performed a reasonable investigation" because he had *personally* interviewed the witnesses who gave statements that

counsel concluded supported allegations in the complaint. *Id*. at 768-69 (detailing counsel's interviews). Here, plaintiffs' counsel never personally assessed the credibility or reliability of the witness on whom survival of their entire case relied. To the contrary, they used their investigator as a shield against the truth—even though the investigator had "qualms"—hoping that reliance on the investigator would provide them plausible deniability if their lone source did not pan out.

It is true, as the Seventh Circuit has noted, that where there is no evidentiary support, there is "necessarily" the absence of a reasonable inquiry under the circumstances. *United Stars Indus., Inc. v. Plastech Engineered Prods., Inc.*, 525 F.3d 605, 610 (7th Cir. 2008). But the converse is not necessarily true: just because there is some shred of evidentiary support does not mean that a reasonable inquiry has been conducted. This case is the perfect illustration of that principle. The Seventh Circuit explained that plaintiffs' counsel's conduct "puts one in mind of ostrich tactics—of failing to inquire for fear that the inquiry might reveal stronger evidence of *their* scienter regarding the authenticity of the confidential source than the flimsy evidence of scienter they were able to marshal against Boeing." *City of Livonia*, 711 F.3d at 762. As a court in this district recently held, "[a]lthough an attorney is certainly entitled to rely upon information obtained from others, including investigators or his clients, there must be reasonable cause to trust the accuracy of that information, and a lawyer may not simply put his head in the sand and forgo any attempt to verify information." *Paniagua v. Max 18, Inc.*, No. 11 C 03320, 2013 WL 5907893, at *8 (N.D. Ill. Nov. 4, 2013) (Tharp, J).

In short, attorneys may not base claims on "evidence" that could be debunked with reasonable diligence. *See Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1016-17 (9th Cir. 1997) (plaintiffs made allegations based on "self-styled 'smoking-gun' declarations" obtained from an investigator; after defendants identified "serious issues of credibility and authenticity"

-7-

concerning the declarants and the investigator, plaintiff's counsel did not perform any further investigation; sanctions imposed because counsel "violated its duty to conduct a reasonable inquiry" by "blindly relying on [the investigator] under these circumstances"); *see also In re Austl. & N.Z. Banking Grp. Ltd. Sec. Litig.*, 712 F. Supp. 2d 255, 263 (S.D.N.Y. 2010) (finding lack of reasonable inquiry in relying on a news article).

### 3. Plaintiffs' counsel's allegations and representations were not supported by a reasonable investigation.

Reasonableness depends on context, and here that context includes the PSLRA, Federal Rule of Civil Procedure 9(b), and the nature of plaintiffs' counsel's allegations and representations. Contrary to plaintiffs' counsel's desires, *see* Resp. at 12, the PSLRA does in fact "raise the bar for compliance with Rule 11." As noted in defendants' opening brief (at 21-22), under the PSLRA, attorneys have "a greater than usual burden of investigation before filing a securities fraud complaint," *Auto. Indus. Pension Trust Fund v. Textron Inc.*, 682 F.3d 34, 40 (1st Cir. 2012), and are required "to conduct elaborate pre-complaint investigations," *Makor Issues & Rights v. Tellabs, Inc.*, 513 F.3d 702, 711 (7th Cir. 2008). Further, the pleading standards of Rule 9(b) apply. The purpose of those heightened standards "is to force the plaintiff to do *more* than the usual investigation before filing his complaint." *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999) (emphasis added).

Plaintiffs' attorneys have not pointed to a single thing to rebut the conclusion that their conduct was unreasonable under the circumstances. They have not seriously disputed any of the facts in defendants' opening Memorandum. And because the record has not been supplemented, the Court has the same record to review that was before Judge Conlon and the Seventh Circuit. The essential, *undisputed* facts in that record have been stated many times. *See* Defs. Mem. at 3-6, 12-14. On April 13, 2010, the source informed the investigator that he would no longer cooperate, and

thus plaintiffs' counsel knew or should have known that the source would not provide any further information and would not testify on the plaintiffs' behalf. By that point, plaintiffs' counsel's investigator had already raised concerns about the source. Nevertheless, plaintiffs' counsel thereafter filed the SAC, which included a series of blockbuster allegations attributed to the source. Those allegations were the only reason that Judge Conlon allowed the case to proceed to discovery. But plaintiffs' counsel had never shown the allegations to the source before filing them, and plaintiffs' counsel never spoke to the source until his deposition, months after the SAC was filed. Nor did plaintiffs' counsel try to verify the information the source purportedly provided, with one exception: plaintiffs' investigator tried—unsuccessfully—to verify information about who supervised the source when he worked for a contractor at Boeing after the investigator sensed that the information was unreliable. According to both Judge Conlon and the Seventh Circuit, that fact "should have been a red flag" to plaintiffs' counsel. *City of Livonia*, 2011 WL 824604, at *4; *see also City of Livonia*, 711 F.3d at 762. "Instead, the information described by the investigator as unreliable was included in paragraphs 139 and 140 of the second amended complaint." *City of Livonia*, 2011 WL 824604, at *4.[1]

The SAC's sensational allegations were not supported by reasonable investigation.[2] Plaintiffs had no corroboration of any kind for their scienter allegations (documents or other witnesses), and counsel knew that their sole source was unreliable and no longer cooperating. In their Response, plaintiffs' counsel has not put forth any benign explanation for their lack of diligence or follow-up. Both in terms of what counsel did do and what they did not do, counsel's

---

[1] Inexplicably, plaintiffs' counsel continues to insist that "There Was No Red Flag" in the investigator's notes. Resp. at 26. Both Judge Conlon and the Seventh Circuit flatly disagreed, and that is the law of the case.

[2] As discussed in defendants' opening Memorandum, plaintiffs' counsel's sanctionable conduct did not begin with the SAC. The record demonstrates that both the original complaint and the First Amended Complaint were also not based on reasonable investigations. *See* Defs. Mem. at 24-25.

conduct with respect to the allegations of the complaint failed to meet the reasonable inquiry standard of Rule 11.

And counsel's misconduct continued beyond filing complaints without an adequate factual basis. Plaintiffs' lawyers also made what Judge Conlon found were deliberately misleading representations—directly to the Court in briefing and in open court—as to which plaintiffs' counsel has offered no substantive defense. The facts relevant to this misconduct also are undisputed. *See* Defs. Mem. at 8-12. In briefing, plaintiffs' counsel vouched for the source's information about scienter as being "both first-hand and of the smoking-gun genre." Dkt. 71 at 2, 9 n.5 (internal quotation marks and citation omitted). Moreover, plaintiffs' counsel stood before the Court at a hearing on August 30, 2010, and made "confident assurances" regarding the source to convince Judge Conlon to let their complaint stand. *City of Livonia*, 711 F.3d at 762. Counsel untruthfully provided assurances that the source had *seen* the alleged emails to Boeing's CEO that purportedly showed scienter and that Boeing surely knew who the source was. Later, when Boeing challenged the factual basis of nearly everything alleged about the source, plaintiffs' counsel responded that Boeing's accusations were unfounded and complained that Boeing had not even noticed the deposition of the source, cleverly suggesting to Judge Conlon that plaintiffs' lawyers had confidence that the source would testify to what was alleged.

Remarkably, counsel does not even attempt to defend the misrepresentations made to Judge Conlon. Their *only* response is that oral statements are not covered by Rule 11. *See* Resp. at 29-30. But that does not excuse the assertions of "smoking gun," "first-hand" knowledge, and "direct" evidence of fraud that counsel touted in great detail in their *briefing*—all concerning a source who had refused to cooperate, who had not been corroborated, and whom counsel had never met. Further, counsel's statement of the law is incorrect. An oral statement is sanctionable when it

"relate[s] directly to a particular representation contained in the document that the lawyer is then advocating." *O'Brien v. Alexander*, 101 F.3d 1479, 1490 (2d Cir. 1996); *see also In re Bees*, 562 F.3d 284, 289 (4th Cir. 2009) (oral statement is sanctionable if it "advocates a contention previously contained in a written submission").[3] The 1993 Advisory Committee Notes to Rule 11 explain that the Rule covers "reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have merit." Accordingly, plaintiffs' counsel also violated Rule 11 by advocating—and aggrandizing—in open court the same unfounded positions that appear in their briefs.

\* \* \* \*

In sum, the Court need not address the myriad excuses plaintiffs' counsel offers regarding their actions because Judge Conlon has already found that counsel failed to conduct a reasonable investigation. That is the standard that the Court must apply in determining whether sanctions are warranted. The Seventh Circuit did not reject Judge Conlon's conclusion on this score in any respect; to the contrary, it signaled its own agreement with defendants' position. Judge Conlon said she was misled by plaintiffs' counsel, and that conclusion formed the basis of her dismissal of the case, which the Seventh Circuit affirmed. The Court needs nothing more.

**B.      Plaintiffs' counsel cannot shift the blame to the source, Boeing, or the investigator.**

Plaintiffs' counsel spends much of the Response attempting to shift blame to others, but most of their points are either irrelevant or contrary to what Judge Conlon and the Seventh Circuit have already concluded.

Plaintiffs' attorneys seek to blame the source and to frame this case as nothing more than an instance of a source who got "cold feet" and "flipped." Resp. at 1-2. But if they are suggesting that

---

[3] Plaintiffs' counsel completely ignores this holding of *O'Brien*, while citing the case multiple times for their purported "utterly lacking in support" standard. *See* Resp. at 1, 2, 14.

the source really did hold the positions that were alleged and that he really did see e-mails that allegedly showed scienter, then they are flatly contradicting the record. Judge Conlon and the Seventh Circuit both held that the source was not the high-ranking insider with direct knowledge of scienter alleged in the SAC. *See City of Livonia*, 711 F.3d at 760-61; *City of Livonia*, 2011 WL 824604, at *4. Plaintiffs' counsel persists in clinging to the fig leaf that the source told their investigator what was alleged. But that cannot save them because the record does not support the truth of their scienter allegations and, in any event, as Judge Conlon noted, "it matters not" whether the source or the investigator told the truth about what was said in the interview. *City of Livonia*, 2011 WL 824604, at *4. Counsel admits that they did nothing to confirm the uncorroborated information before using it as the cornerstone of their fraud complaint. Whatever the source said to the investigator, the source did not stop plaintiffs' counsel from conducting a reasonable investigation, the source did not draft (nor was he ever shown) the SAC, and the source did not appear before Judge Conlon touting "smoking gun" evidence of the alleged fraud. Those were actions by plaintiffs' counsel, for which they must be held accountable.[4]

Plaintiffs' attorneys further complain that they are being criticized for using an investigator in ways that are routine and appropriate. *See* Resp. at 21. But the fact that investigators may have been used without problems elsewhere (and in very different contexts, such as by prosecutors investigating crimes) does not support counsel's decision here to pursue a case based on the notes of an investigator's meeting with a single source, on which they blindly relied without any

---

[4] Plaintiffs' counsel insinuates that Boeing somehow influenced the source or played upon his desire for employment, but those insinuations have no relevance to counsel's failure to investigate, and they are grossly misleading. For example, by claiming that Mr. Singh "communicated with Boeing more than 80 times," plaintiffs' counsel implies that Boeing was in constant contact with the source, perhaps plotting against plaintiffs. Resp. at 1. But as counsel knows, most of the communications in question were automatically generated emails created by Boeing's online job-application system when the source unilaterally submitted his resume for a job at Boeing. *See* Dkt. 207-2 (listing communications between Boeing and Mr. Singh on or after February 19, 2010). In addition, the suggestion that Boeing used the FBI to intimidate the source has no basis in the record and is scurrilous.

additional corroboration or justification. Plaintiffs' counsel also ignored the "qualms" of their own investigator. *City of Livonia*, 711 F.3d at 762. In this case, plaintiffs' counsel used their investigator irresponsibly at best, and deceptively at worst.

Notwithstanding the Seventh Circuit's observation that counsel has been criticized in other cases for similar tactics, plaintiffs' counsel complain in their Response that they have been unfairly accused. But plaintiffs' counsel cannot deny that courts across the country have taken them to task for abusive and frivolous litigation. *See, e.g.*, *City of Taylor Gen. Emps.' Ret. Sys. v. Magna Int'l, Inc.*, No. 12 Civ. 3553(NRB), 2013 WL 4505256, at *1, *27 (S.D.N.Y. Aug. 23, 2013) (holding that Robbins Geller's complaint "border[ed] on the absurd" and lacked "even arguable merit"); *Boca Raton Firefighters' & Police Pension Fund v. Devry Inc.*, No. 10 C 7031, 2013 WL 1286700, at *13 (N.D. Ill. Mar. 27, 2013) (criticizing Robbins Geller for filing a securities fraud lawsuit "before conducting a proper pre-suit investigation"); *see also In re Cisco Sys., Inc. Sec. Litig.*, No. C 11-1568 SBA, 2013 WL 1636384, at *1 (N.D. Cal. Apr. 16, 2013) (same); *Belmont Holdings Corp. v. SunTrust Banks, Inc.*, 896 F. Supp. 2d 1210, 1232, 1233 (N.D. Ga. 2012) (deeming Robbins Geller's misuse of confidential witnesses "disturbing" but "reluctantly" declining to impose sanctions). Nor can plaintiffs' counsel deny that the Seventh Circuit found that pattern troubling. *See City of Livonia*, 711 F.3d at 762 ("The plaintiffs' law firm—Robbins Geller Rudman & Dowd LLP—was criticized for misleading allegations, concerning confidential sources, made to stave off dismissal of a securities-fraud case much like this one, in [*Belmont Holdings Corp.*]. The firm is described in two other reported cases as having engaged in similar misconduct. Recidivism is relevant in assessing sanctions.") (citations omitted).[5]

---

[5] There are also three clear instances in which plaintiffs' counsel pleaded confidential witnesses who were later discovered to lack personal knowledge of the allegations attributed to them. *See Livingston v. Cablevision Sys. Corp.*, No. 12-CV-377 (KAM) (SMG), 2013 WL 4763430, at *9 n.5 (E.D.N.Y. Sept. 5, 2013); *City of Pontiac Gen. Emps.' Ret. Sys. v. Stryker Corp.*, 865 F. Supp. 2d 811, 834 n.9 (W.D. Mich.

Plaintiffs' counsel's only recourse is to attempt to minimize the misconduct recounted in the earlier cases by arguing that Robbins Geller was not actually sanctioned in any of the cases defendants cite. *See* Resp. at 17. But as the Seventh Circuit recognized, the import of those cases is exactly the opposite: the fact that Robbins Geller has narrowly avoided sanctions so far only bolsters the case for awarding them now. For years, courts have put plaintiffs' counsel on notice that their tactics are unacceptable. Despite those warnings, plaintiffs' counsel employed those same tactics here, failing to conduct a reasonable investigation, and then trying to disguise that failure by misleading the Court. As a result, defendants were subjected to months of abusive litigation and were required to expend millions of dollars defending a case that plaintiffs' counsel never should have pursued. There is no reason defendants should have to pay the price for plaintiffs' counsel's misconduct. It is time for the Court to hold them accountable by imposing sanctions in the amount of defendants' reasonable fees and expenses incurred in the action.[6]

### III. CONCLUSION

Plaintiffs' counsel filed three complaints and pursued this case without undertaking "an inquiry reasonable under the circumstances," as required by Rule 11. They compounded that

---

2012); *Glaser v. The9, Ltd.*, 772 F. Supp. 2d 573, 594-95 (S.D.N.Y. 2011). Plaintiffs' counsel argues that those cases "did not involve confidential witnesses denying allegations," Resp. at 17, but that hair-splitting misses the point. In those cases, plaintiffs' counsel sought to avoid dismissal by promising "inside information" that never materialized. That is the same misleading promise counsel made here, and is precisely the sort of abusive behavior that the PSLRA was intended to abolish. Similarly, plaintiffs' counsel faults defendants for citing *Applestein v. Medivation, Inc.*, in which the court held that plaintiffs' confidential witnesses were "unreliable for purposes of demonstrating falsity under PSLRA." 861 F. Supp. 2d 1030, 1039 (N.D. Cal. 2012). According to plaintiffs' counsel, *Applestein* is irrelevant because "another law firm . . . was the court-appointed lead counsel in that case." App. Dkt. 88 at 11 n.7. Robbins Geller, however, represented a named plaintiff in that case and had duties to that client to review and approve filings.

[6] As defendants previously noted, the PSLRA establishes a presumption that the appropriate sanction is an award of reasonable fees and expenses incurred in the action. *See* Defs. Mem. at 28-29. Plaintiffs' counsel does not rebut this in any way, but asks the Court to defer any briefing "on the type of sanction . . . until, and only if, a Rule 11 violation is found." Resp. at 30. Counsel offers no reason why the briefing should be bifurcated in that manner, and their failure to rebut defendants' argument in their opening brief as to the presumptive sanction amounts to a waiver on that point. While setting the amount of the sanction should await further proceedings, there is no reason to delay a finding on the type of sanction, which the statute presumes.

violation by making repeated misleading statements directly to Judge Conlon, both in writing and orally. Under the PSLRA, sanctions should be awarded, and the presumptively appropriate sanction under the statute is the award to defendants of their reasonable attorneys' fees and other expenses incurred in the action.

Dated: November 22, 2013

Pravin B. Rao (#06230097)
Patrick M. Collins (#06206686)
Eric D. Brandfonbrener (#06195674)
PERKINS COIE LLP
131 South Dearborn Street, Suite 1700
Chicago, Illinois 60603-5559
Tel: (312) 324-8400
Fax: (312) 324-9400

Respectfully submitted,
By: /s/ Eric D. Brandfonbrener

Steve Y. Koh
Eric B. Wolff
Ryan M. Spear
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Tel: (206) 359-8000

CERTIFICATE OF SERVICE

I, Eric D. Brandfonbrener, hereby certify that on November 22, 2013, a true and correct copy of the foregoing **DEFENDANTS' REPLY IN FURTHER SUPPORT OF SANCTIONS PURSUANT TO THE PRIVATE SECURITIES LITIGATION REFORM ACT AND RULE 11** was filed electronically with the United States District Court for the Northern District of Illinois—Eastern Division. Notice of this filing has been sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system. Courtesy copies were also provided by email to Plaintiff's counsel.

By: /s/ *Eric D. Brandfonbrener*